Davies, J.
 

 After considering the circumstances under which the plaintiff made the payments to Boyce, and arriving at the conclusion that as matter of law—in the face of the referee’s direct finding that as matter of fact they were made in good faith, and without notice—they could not be held sufficient to have put the plaintiff upon inquiry, the learned judge proceeded: We think, however, the referee erred in admitting the receipt of Boyce of May 31,1851, as evidence of the payment to him, on that day, of the sum of $234, on the bond and mortgage. A written receipt for money is but the admission of the party giving it, and is always capable of explanation. It is the declaration of the party attested by his signature. It has no greater significance from the circumstance that it is reduced to writing and signed by him. If made by paroi, it would be of equal value. It has been supposed, since the decision of
 
 Paige
 
 v.
 
 Cagwin
 
 (7 Hill, 361), in the Court of Errors, that the rule was settled in this State, that the declarations or admissions of the assignor of a chose in action could not be given in evidence against an assignee, for value. This case was reviewed by Parker, J., in
 
 Smith
 
 v.
 
 Webb
 
 (1 Barb. S. C. Rep., 230), where he says it was held in that case, that the declarations of a prior holder of a note, transferred after maturity, or of a vendor of a chattel, are not admissible in evidence against a subsequent purchaser who acquired title for a valuable consideration; and that such declarations are only admissible when made by a party really in interest, or by one' through
 
 *250
 
 whom the plaintiff claimed by representation: The rule is only applicable where there is an identity of interest between the assignor and assignee. This identity of interest is said in
 
 Fitch
 
 v.
 
 Chapman
 
 (10 Conn. Rep., 8), to exist “when the nominal party was suing in fact for the benefit of a third person.” This court in
 
 Booth
 
 v.
 
 Swezey
 
 (4 Seld., 276), approves of the cases of
 
 Paige
 
 v.
 
 Cagwin
 
 and
 
 Smith
 
 v.
 
 Webb.
 
 In that case it was held that in an action, brought by the assignee of a mortgage to foreclose the same, the declarations of the mortgagee made by him prior to the assignment, were inadmissible to impeach the mortgage, and to show that it was given upon a usurious consideration. It is true, that Judge Mobse, in his opinion, says that a receipt given by the mortgagee stands upon a different footing, as an act of the parties. The ground ot this distinction is not perceived. The making of a usurious agreement which, if proved, would invalidate the whole mortgage, is as much the act of the parties as the payment of a part of the moneys secured thereby, and the giving of an acknowledgment by the party receiving it, that it had been paid. Suppose in
 
 Booth
 
 v. Swezey, the mortgagor had offered the written history of the inception of the mortgage signed by the mortgagee, and which would have shown its usurious char-acter, would the offer have been in any the less objectionable form? We do not see that it would, and the same reasons which would require its exclusion in one form, are equally applicable to its exclusion in the other. The great objection to this class of testimony is, that it seeks to establish by hearsay or secondary evidence what can be shown by better and more satisfactory proof. The case of
 
 Jermain
 
 v. Denniston, in 2 Selden, 276, is relied upon as holding a contrary doctrine. That case was decided the year before
 
 Booth
 
 v.
 
 Swezey,
 
 and some of the judges who sat in that case, and who concurred in the decision of it, took part in the decision of the former case. In
 
 Jermain
 
 v.
 
 Benniston,
 
 it was said that admitting the doctrine of
 
 Paige
 
 v.
 
 Cagwin
 
 to the fullest, extent, it could not apply when the previous holder of a note, while he owned it, put into the hands of the maker, in the usual course of busi
 
 *251
 
 ness, written evidence of its payment and discharge. That is not the present case, and does not therefore control it.
 

 The judgment in this cause must be reversed, and a new trial ordered, with costs to abide the event of the action.
 

 Clerke, J., delivered an opinion to.the same effect; Selden, Wright, and Welles, Js., concurred.