## REQUA *v.* REQUA.

A witness objected to as the person for whose benefit the suit was prosecuted, is himself competent to repel that assumption, or, it seems, to rebut testimony given to establish it.

APPEAL from the Supreme Court. On the trial before a referee, in July, 1855, one John L. Requa, a son of the then plaintiff, being called as a witness, was objected to by the defendant on the ground that he was the person for whose benefit the action was brought and prosecuted; and the defendant offered evidence to prove that the action was in fact brought and prosecuted for the benefit of the witness. To this the plaintiff objected; but the referee overruled the objection, and the plaintiff excepted. The defendant then called Isaac Hart, and proved by him, under an exception by the plaintiff, that, in a conversation held between him and the plaintiff, in May, 1854, the plaintiff stated that he had sold his account against the defendant to the witness offered, John L. Requa, and had got his pay for it, and that it would be prosecuted in a short time if it was not paid. It was admitted that this suit was commenced in December, 1854. Upon this testimony, after excluding that of John L. Requa, who was again offered by the plaintiff to rebut it, the referee nonsuited the plaintiff; to which ruling the plaintiff excepted.

The judgment having been affirmed at general term in the eighth district, the plaintiff appealed to this court.

*Henry R. Selden,* for the appellant

*Sanford E. Church,* for the respondent.

DAVIES, J. The testimony, *prima facie* and unexplained, showed that the plaintiff was not the owner of the demand upon which suit was brought, and, therefore, unexplained and

Requa *v.* Requa.

without any other testimony offered, upon it standing alone, the plaintiff was properly nonsuited, he having no cause of action. But it entirely failed to establish the other proposition of the defendant, to wit, that the present action was, in fact, brought and prosecuted for the benefit of John L. Requa; and upon this ground solely was he excluded as a witness.

It is to be observed, that the referee has found no such fact from the testimony offered to him. The plaintiff again offered said John L. Requa as a witness, for the purpose of proving that, at the time of the commencement of this suit, the plaintiff was the sole owner of the claim in suit, and that, at the time, the witness had no interest whatever in the claim, and that the witness did not, at the time, and never had, owned the claim, and that it never had been assigned to him. This was, in substance, an offer to show that the witness was not the person for whose immediate benefit the suit was prosecuted. By section 399 of the Code, as it then stood, he could only be excluded on the ground that he was the person for whose immediate benefit the suit was prosecuted. The testimony of the witness Hart in no degree tends to establish it. The existence of such fact must be the ground of exclusion; and it is unsound to assume it as the reason for the incompetency of the witness. It is begging the question to assume what has not been proved, and hold, thereupon, the witness to be incompetent. The foundation for his exclusion must first be laid.

We fail to see that, in this case, any legal ground for the exclusion of the witness was established. It is true that the declarations of the plaintiff showed that he was not the owner of the claim at a period some months anterior to the commencement of the suit, and that the witness Requa was, at that time, such owner. Such testimony, unexplained, showed, *prima facie,* that the plaintiff had no cause of action, and his declarations were competent to that point. But they in no way tended to establish the fact that the witness Requa was the person for whose immediate benefit the suit was prosecuted. If that assumption be correct, then, clearly, the declarations of Gilbert Requa, the assignor of the claim, made after the assignment,

could not be used to defeat a recovery by John L. Requa, the assignee, if this suit was, in fact, prosecuted for his benefit. (*Foster* v. *Beals*, 21 N. Y., 247, and cases there cited.) On that assumption, this was a suit prosecuted by him and for his immediate benefit, for the recovery of a claim duly assigned and owned by him. In either aspect, therefore, in which the ruling of the referee is to be regarded, it must be held to be erroneous, and a new trial must be ordered, with costs to abide the event.

WRIGHT, J. At the time the action was tried, interest in the event of it was no reason for excluding a witness, provided he was not a party, or the action was not prosecuted or defended for his immediate benefit. The only possible ground there could be for the exclusion of the witness in this case, was that the suit was being prosecuted for his immediate benefit. Whether this was so, was a question addressed to the referee, and if he found and decided the fact upon sufficient and competent evidence, and gave a proper construction to the statute, we ought not to review it. But the difficulty seems to lie here. A declaration of the plaintiff in May, 1854, that he had sold his account to his son, can scarcely sustain a finding that at the commencement of the action, six months afterwards, and at the time of the trial, the son (the witness) was "the beneficial owner of the demand in suit," and it had no tendency to show that this action was prosecuted for the benefit of John L. Requa, the witness, or that anybody else but the plaintiff on the record had anything to do with the prosecution of it. But conceding there was enough in the proof *prima facie* to base a conclusion against the plaintiff that the witness was the "beneficial owner" of the demand in suit, such a determination was not necessarily conclusive upon the question whether the action was being prosecuted for his benefit. Under certain circumstances, when a person is the owner of the claim in suit and consequently the real party in interest, though another may be nominally on the record, the fact of ownership of the subject matter of the suit may be

Requa *v.* Requa.

conclusive upon the question, that the prosecution is and was carried on for his benefit. But the circumstances must be such, as that the owner of the demand will in law be as effectually concluded by the judgment that may be rendered as the party to the record. It cannot be pretended that John L. Requa would have been concluded by the record in this case. There was nothing to show that he was connected in any way with its prosecution. On the contrary, the plaintiff complained in his own right, and on his own behalf, and the defendant answered defending himself against the plaintiff's claim, and not against any claim of John L. Requa as assignee. It is true that the defendant, in answering, alleges the ownership of the cause of action by John L. Requa, which, without the set-off, constitutes a defence; but he does not pretend that the suit is prosecuted in behalf of any other person than the plaintiff on the record. The testimony given by the defendant, it seems to me, assumed that Gabriel Requa was the party in interest in this action whether the demand really belonged to him or not; otherwise his declarations would not have been admissible.

But if the evidence given by the defendant tended to show John L. Requa to be the owner of the demand in suit, and the law raised the presumption from that fact that the prosecution was being conducted for his benefit, I think his testimony ought to have been received on the point as to whether the suit was being prosecuted for his benefit. Formerly, when a witness was objected to on the ground of interest, the party objecting might elect to prove such interest without questioning.him; and in such case the current of authority appears to have been, that it was not competent for the party calling him to show him free from interest by examining him on his *voire dire.* It is not interest now which excludes the witness, but the fact that he is a party to the suit, by its being prosecuted for his benefit, and subject to his control. The reason given for excluding the examination *voire dire* on the question of interest was that "a party should not sport with the conscience of a witness when he has other proof of his interest."

This reason has little application when the question is whether the particular action is being prosecuted for the witness' benefit or not; as on such a question, the bias of the witness is as likely to be one way as the other. It was a very narrow technicality which excluded, even when the question was one of interest, the examination of the witness himself, by the party calling him, after other evidence had been resorted to; and I think should not be extended to a case where the inquiry is not as to the fact of interest, but whether the witness sustains such a relation to the particular suit as that he may control it, and will be concluded by the judgment rendered therein.

I think the judgment should be reversed, and a new trial ordered, with costs to abide event.

SELDEN, J., took no part in the case; all the other judges concurring,

Judgment reversed, and new trial ordered.