Bullis v. Montgomery.

---

JOHN N. BULLIS and another, Assignees, &c., Respondents, v. HENRY B. MONTGOMERY and others, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, OCTOBER, 1870.)

The declarations of the assignor, made before an assignment for the benefit of his creditors, are not admissible in evidence against the title of the assignee.

So held upon the authority of *Jones* v. *The East River Society of the M. E. Church, &c.* (21 Barb., 161.)

Where, however, the assignee claims goods under the assignment, which were fraudulently obtained by the assignor, the latter's declarations made before obtaining the goods, and tending to show that he obtained them by fraud, are admissible, against the assignee, in favor of the true owner.

THIS action was tried before the court and a jury, at the November circuit of Greene county, 1868.

It appeared that one Edward L. Walters and the defendants, Henry B. Montgomery and Sylvester B. Sage, in January, 1867, under the firm name of Montgomery & Sage, were merchants and copartners at Prattsville, Greene county, N. Y. The latter also owned a blacksmith shop and tools, which, with the stock on hand, was valued at $1,000.

On the first of January, 1867, Walters negotiated with the defendants, Montgomery & Sage, for a purchase of the blacksmith property and tools, representing himself, as the defendants claimed, to be perfectly responsible, and as having $1,500 coming to him in Dutchess county. Montgomery & Sage, relying on these representations, sold him the property for $1,000, taking in payment his two notes of $500 each, pay-

able at three and six months. Walters took possession at once, and carried on the business until February 20th, 1867, a little over a month, when he disappeared.

Montgomery & Sage finding Walters to be largely indebted, and claiming that his representations as to solvency were false, on the 22d February, made efforts to commence proceedings to recover the property .

On the 23d of February, 1867, Walters made an assignment, for the benefit of the assignees and other creditors, to the plaintiffs in this case.

Bullis, one of the assignees, brought the assignment to Catskill, had it recorded on that day, and arrived with it at Prattsville on Sunday, and on the same day obtained the keys of the blacksmith shop, went there unlocked it and then locked it again.

An action was brought in favor of Montgomery & Sage, against Walters, to recover possession of the property, and the property was taken by the sheriff and delivered to the plaintiffs in said action. The next morning Bullis was informed that the property was replevied and in charge of the deputy sheriff, who had taken it about one o'clock that morning, under proceedings for claim and delivery at the suit of Montgomery & Sage.

The plaintiffs in this action did not demand and made no claim to the property under their assignment, nor did they proceed under the Code to get it back into their hands ; but allowed the sheriff, or his deputy to deliver it to Montgomery & Sage, as plaintiffs in their action.

Offers of testimony were made upon the trial which are stated and discussed in the opinion. On the trial the defendants moved for a nonsuit, which was denied and an exception was taken to the ruling. At the close of the case the defendants moved for the discharge of the sheriff, the defendant Osborne, who was also prosecuted with Montgomery & Sage, which motion was denied and an exception taken. The jury found for the plaintiffs, and the court ordered that the case and exceptions be first heard at General Term.

Bullis *v.* Montgomery.

*S. Hand and James B. Olney*, for the appellant.

*D. K. Olney*, for the respondents.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The defendants in this action justified under proceedings in an action to recover possession of the property on the ground that Walters, who purchased the property of the defendants Montgomery & Sage, perpetrated a fraud upon them in representing that he was solvent when he was insolvent. That he knew at the time he was insolvent. That he had resolved to make the assignment which he did make within one month after the sale, and before the notes given for the purchase-money had matured, with the intent and for the purpose of defrauding the said defendants. Upon the trial, after evidence had been given of the transaction between the parties, the defendant's counsel offered to prove by one witness that in a conversation between Walters and the witness, before he (Walters) bought the property, statements of Walters, of his purpose to cheat and defraud the defendants, Montgomery & Sage. This evidence was objected to, excluded, and an exception to the ruling of the justice taken by the defendants. Although it is not distinctly stated, I understand, from the testimony of the witness, to the effect that he recollected the transaction in regard to the tools; that the alleged conversation must have occurred immediately preceding the purchase of the tools. In the progress of the cause, and after Walters had been sworn as a witness, and testified as to the character of the transaction, the defendants' counsel proposed to prove that Walters, a few days before the sale and purchase of the property in question, declared that he meant to beat these two defendants, Montgomery & Sage, out of their property. This testimony was objected to by the plaintiff's counsel, on the grounds that it was immaterial, and that Walters had not been interrogated upon that subject.

The objection was sustained, and an exception taken by the counsel for the defendants to the decision of the court. I think that the court erred in excluding both the offers of testimony made, which embraced the same subject-matter and involved the same principle. The question whether the declaration or admission of an assignee or prior owner of property, or a choses in action is admissible in evidence, has been the subject of much discussion, and of many adjudications in this State, and the reports abound with numerous decisions on the subject. In *Paige* v. *Cagwin* (7 Hill, 361) it was held, that the declarations made by the payee of a negotiable promissory note, while he owns and holds it, are not admissible against one to whom it is subsequently transferred for value, though the transfer is after maturity.

The English and American authorities on the subject are reviewed here at length, and explained, and the learned judge quotes from Mr. Greenleaf's Treatise on Evidence, in which he lays down the rule, that an assignee is bound, in certain cases, by the previous admissions of the assignor in disparagement of his own title, and says: " But this is true only, where there is an identity of interest between the assignor and assignee, and such identity is deemed to exist, not only where the latter is expressly the mere agent and representative of the former, but also where the assignee has acquired a title, with actual notice of the true state of that of the assignor, as qualified by the admissions in question, or where he has purchased a demand already stale, or otherwise infected with circumstances of suspicion." And then proceeds to review the authorities cited to sustain this proposition. He remarks: " It may, I think, be laid down as a general proposition, that the cases in which such evidence has been held admissible, are those only where the declarations were made by a party really in interest, or by one through whom the plaintiff claimed as a privy by representation, or in cases of bankruptcy, death, and others of a similar character. Where the rule is applicable, there must, it is conceded, be ' an identity of interest' between the

assignor and assignee. That relation appears to me to be based on the fact that the rights of the assignor continue, and are represented by the assignee." This doctrine is fully indorsed in *Smith* v. *Webb* (1 Barb., 230), and PARKER, J., says: " This ' identity of interest,' is said in *Fitch* v. *Chapman* (10 Conn. Rep., 8), to exist where the nominal party was suing, in fact, for the benefit of a third person." This principle is also approved in *Foster* v. *Beals* (21 N. Y., 247). (See, also, *Booth* v. *Swezey*, 4 Seld., 276.)

Within the principle of the cases cited, it would appear to be sufficient, that the plaintiffs in this action claimed as the representatives of the assignor, and that they were prosecuting for the benefit of the assignor, whose debts were to be paid under the assignment, and who was to be benefited thereby. Clearly, here was an identity of interest, and a nominal party, the assignee suing for the benefit of a third person, the assignor. It is difficult to see in what particulars the case at bar differs from that of the assignee in bankruptcy, who prosecutes for the benefit of creditors or an administrator, or executor of an estate, which are distinctly recognized in *Paige* v. *Cagwin, supra*. There seems to be the same identity of interest in each of the cases; and I am unable to discover any satisfactory reason why the declarations of an assignor, where a *bona fide* purchaser for value is not affected, made prior to an assignment where the assignor has no motive or object to falsify the truth, are not evidence against the assignee. As an original question, I should have no hesitation in holding that they were admissible; but in *Jones* v. *The East Society of the M. E. Church of Rochester* (21 Barb., 161), it was held that the declarations of an assignor, made before an assignment in trust for the benefit of creditors, is not admissible to affect the rights of the assignee. While I cannot concur with the reasoning of the judge who delivered the opinion in the case last cited, I yield to the authority of a General Term decision as obligatory and binding until overruled by a higher tribunal. I think, however, that the evidence was admissible upon other grounds.

Bullis *v.* Montgomery.

The question of fraud in the case now considered goes beyond the assignment, and dates back to the original purchase of the property; and it is held that on a question of fraud, in the sale of property, the declarations, as well as the doings of the actors, to the transaction, are competent evidence. The declarations give character to the acts. (*Crary* v. *Sprague*, 12 Wend., 41.) In this case evidence of the acts and declarations of one of the original vendees to the bill of sale and of another party were received to show a combination to deprive the plaintiff of his claim upon the property by virtue of the bill of sale. The declarations which were offered in evidence immediately preceded the sale, and, so far as may be practicable in a case of this character, were really a part of the *res gesta.* They would not, of course, be made at the time of the sale to the party sought to be defrauded, and yet they constitute an important element of the transaction, and bear directly upon the question of fraud. Fraud can rarely, if ever, be proved directly, and is ordinarily established by facts, circumstances and declarations of an indirect character. Especially is this the case where it is a question of intent, which can usually be proved only by the acts and by the declarations of the party, made secretly where it was not supposed, that they would be communicated to the other side. I think this testimony was competent as against the assignee, as a part and parcel of the transaction alleged to be tainted by fraud; and the defendants were not bound to inquire first of Walters, who was a party in an adverse interest, seeking to sustain the assignment, before introducing the evidence. This would have been proper for the purpose of impeaching Walters as a witness; but the rule is not applicable where the testimony strikes at the foundation of the action, and tends to establish fraud against a party.

There are other questions in this case; but as a new trial must be granted for the error of the court in the rejection of evidence, it is not important to discuss them.

New trial granted.