|105  475
|143   36


# Megargel's Administrator *versus* Megargel.

1. A receipt from a mortgagee to a mortgagor, for the same amount as the
face of the mortgage, and specified to be in full satisfaction thereof, is
evidence of payment, but not conclusive of the fact. It is susceptible
of explanation or direct contradiction.

2. While such a receipt would estop the mortgagee from denying pay-
ment of the mortgage, as between himself and a third party who had
been induced, with the assent of the mortgagee, to act upon the faith
thereof, yet it would have no such effect as between the mortgagee and
other persons claiming to have been misled by its being in the hands of
said third party; nor, as between the mortgagee and mortgagor, would
it estop the former from introducing evidence that the mortgage was
not in fact paid.

3. Notwithstanding the fact that bankruptcy proceedings have been insti-
tuted against a mortgagor, the mortgagee, if he does not prove his debt
in the proceedings in bankruptcy, is not debarred from afterwards pro-
ceeding in a state court by scire facias upon his mortgage.

February 27, 1884. Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna
county :* Of January Term, 1884, No. 181.

[Megargel's Adm'r *v.* Megargel.]

Scire facias sur mortgage, by Jesse Megargel against F. S. Porter, administrator of M. M. Megargel, deceased.

By agreement of the parties, the case was referred to E. N. Willard, Esquire, as referee, before whom the following facts appeared: On November 16, 1861, M. M. Megargel executed and delivered a mortgage to his father, the plaintiff in this action, to secure the payment of $380, then due and owing from the said mortgagor to the plaintiff. This mortgage was duly recorded.

The defendant put in evidence the following receipt:

" Received, Scranton, August 21st, 1867, of M. M. Megargel, five hundred dollars in full satisfaction of the mortgage from said Megargel to me recorded in the office for recording deeds in and for Luzerne county in mortgage book No. —, page —.
JESSE MEGARGEL."

This receipt was in the possession of J. J. Post, Esquire, attorney for one Spencer, who made a subsequent loan to M. M. Megargel. Post testified in reference to the receipt as follows: "That paper is in my handwriting except the signature. My recollection is that I was making a loan to M. M. Megargel for Edward Spencer, I wanted the record clear. My recollection is that M. M. Megargel told me that this mortgage was paid, and I drew up this paper and gave it to M. M. Megargel and he brought it back to me with this signature on it, which purports to be the signature of Jesse Megargel. . . . . . All the loans made at that time I think were paid."

Daniel Hannah, Esquire, attorney for one Fetherman, who had made still another loan to M. M. Megargel, testified: " I acted as attorney for Charles Fetherman in making loan secured by the judgment No. 3282, October Term, 1874: Charles Fetherman *v.* M. M. Megargel. At this time I knew of the mortgage to Jesse Megargel.

*Q.* What, if anything, was said by M. M. Megargel with reference to that mortgage and to a receipt for it?

*A.* He said that it was paid and that he had a receipt for it. I think he said Post had the receipt. I think I asked Spencer and he said he did have a receipt. This inquiry occurred before the loan was made."

Several witnesses called by plaintiff testified to declarations made by M. M. Megargel, almost up to the time of his death, to the effect that the mortgage had not been paid.

The record of the United States District Court, showing proceedings in bankruptcy against the said M. M. Megargel, was also put in evidence by the defendant. From this record

[Megargel's Adm'r v. Megargel.]

it appeared that a petition in bankruptcy, and an inventory and schedule had been filed.

The referee reported as facts, simply the execution of the mortgage, as above; and that no part thereof had ever been paid. He accordingly found for the plaintiff.

Exceptions filed to this report were overruled by the court, and judgment was entered for the plaintiff, HAND, J. delivering the opinion which was, inter alia, as follows: " The questions raised by these exceptions are to be disposed of in a case solely between the mortgagor and mortgagee. No third party appears. The appearances are all for the defendant. If there was such a party he might be considered a stranger and the estoppel set up not operative. An estoppel may exist as regards third parties when they are shown to have acted on the facts constituting the estoppel. No such case however appears here."

Thereupon the defendant took this writ of error, assigning for error the action of the court in permitting a judgment to be entered against the estate of a bankrupt without affirmative proof that permission to proceed had been obtained from the bankruptcy court, and without notice to the assignee in bankruptcy; also the overruling of the defendant's exceptions and entering of judgment for the plaintiff.

*H. M. Hannah,* for the plaintiff in error.—The defendant had been adjudicated a bankrupt, was dead, and his estate was represented by an administrator. The assignee was the legal owner of the property, and these proceedings could not be maintained without at least a notice to the assignee: Pastor *v.* Hicks, 4 W. N. C., 380; Platt *v.* Kelso, 5 W. N. C., 57. The son wished to borrow money, but could do so only by having the lien removed from his property. The father was willing to trust the son for payment without security, and therefore gave the receipt, which was in evidence. This extinguished the mortgage as an incumbrance on the property, and whether the debt was actually paid or not the mortgage could not be revived by the father to the disadvantage of third parties. The son used the father's receipt to induce Fetherman to loan the money, and now he asks to be permitted to deny his former written statement in order to take the money himself that should be used to pay the creditor. In Bell *v.* Longbridge, cited with approval in Cook *v.* Grant, 16 S. & R., 212; and in Fitler *v.* Commonwealth, 7 Casey, 406, it is said that where a person has given a receipt without having received the money, upon which other persons have acted, he is estopped from showing that the debt still exists.

*Henry A. Knapp,* for defendant in error.—The defendant in error proved no claim in bankruptcy, but relied entirely on his mortgage. The bankrupt law does not prohibit the mortgagee from proceeding upon his mortgage by scire facias, in a state court; in doing so, he only relinquishes his right to prove the unsecured portion of his debt against the bankrupt's estate: Green, assignee, *v.* Arbuthnot, 4 W. N. C., p. 357.

The referee found that the whole amount of this mortgage was unpaid. There is no pretence that it has been satisfied of record.

A written receipt for money is but the admission of the party giving it, attested by his signature. It has no greater significance, from the circumstance that it is reduced to writing and signed by him. If made by parol, it would be of equal value: Foster *v.* Beals, 21 N. Y. Court App., 249. In order to create an estoppel in pais, the declarations or acts relied upon must have been accompanied by a design that they should be acted upon by the party setting up the estoppel: Andrews *v.* Lyons, 11 Allen, 349; Eldred *v.* Hazlett's Ad'm., 9 Casey, 307; Turner *v.* Coffin, 12 Allen, 401; Nourse *v.* Nourse, 116 Mass., 101; Zuchtman *v.* Roberts, 109 Mass., 53; Platt *v.* Squire, 12 Met., 494. It does not appear that Charles Fetherman has any interest in the determination of this suit. If Jesse Megargel gave the receipt in 1867, it would only estop him from disputing the truth with respect to that person and those claiming under him, and that transaction, but as to third persons he is not bound: Heane *v.* Rogers, 9 B. &. C., 586.

Mr. Justice STERRETT delivered the opinion of the court, March 10, 1884.

In none of the numerous exceptions to the report of the referee is it even alleged that he failed to find any material fact that the testimony would have warranted. His findings of fact therefore, sustained as they are by the evidence, and approved by the court, must now be considered conclusive, as much so as the special verdict of a jury, and by them alone the validity of the judgment must be tested. He found that the mortgage on which the scire facias issued was executed November 16, 1861, by defendant's intestate to secure the payment of $380, then due and owing by him to his father, the plaintiff below; that the interest thereon is $482.60, and no part of either principal or interest has been paid. These are the only facts found by the referee, and the only legal conclusion that could be drawn therefrom was that plaintiff below was entitled to judgment for $862.50, the principal and interest of debt secured by the mortgage. This is all that is really

[Megargel's Adm'r v. Megargel.]

necessary to be said in vindication of the judgment; but a brief reference to the questions that arose, and the manner in which they were disposed of will lead to the same conclusion.

One of the defences set up was payment, in support of which the sole evidence was the receipt of August 21, 1867, from the mortgagee to the mortgagor, for " five hundred dollars in full satisfaction of the mortgage." That was of course evidence of payment, but it was not conclusive of the fact. It was susceptible of explanation or direct contradiction : Foster v. Beals, 21 N. Y., 247–9; and, in point of fact, it was clearly and satisfactorily shown by the testimony of several competent witnesses that no part of the mortgage debt had ever been paid. Admissions of the mortgagor to that effect, made at different times after the date of the receipt, down almost to the time of his death, were clearly proven. The receipt, which was the sole evidence of payment, was thus successfully rebutted, and hence the referee was fully justified in finding the fact of non-payment, as above stated. The debt not having been paid, as between the parties to the security, the mortgagee was of course entitled to recover.

Another ground of defence that appears to have been suggested was, that even if the debt was not paid the mortgagee was estopped from claiming any part thereof, because the attorney of Mr. Fetherman, who afterwards made a loan to the mortgagor, was informed the receipt had been given several years before and was still outstanding. There is nothing in the findings of fact above stated on which to base such a defence ; but the referee disposed of it by saying in substance, that while the receipt would have estopped the mortgagee from denying payment of the mortgage, as between himself and Edward Spencer, it had no such effect as between him and other parties claiming to have been misled by its being in the hands of Mr. Spencer; that the mortgage being open and unsatisfied on the record, it was their duty to inquire of the mortgagee and thus ascertain from him whether the mortgage debt was in fact paid or not. In view of the evidence, and especially the facts found by the referee, we are not prepared to say there was any error in his conclusion ; but aside from this, the question is not properly before us. In his opinion, overruling exceptions to report of the referee, the learned Judge says, the only parties to this contention are " the mortgagor and mortgagee. No third party appears. The appearances are all for the defendant. An estoppel may exist as regards third parties when they are shown to have acted on the facts constituting the estoppel. No such case, however, appears here." From the language thus employed, it may be fairly inferred that the defence of estoppel in pais was pre-

sented by the personal representative of the mortgagor, and not by the terre tenant; but whether that be so or not, the latter is not here complaining.    The writ of error to the judgment was taken by the administrator alone, and in face of the established fact that the mortgage debt was not paid, he cannot avail himself of such a defence; and hence, for that reason alone, if no other, the judgment should not be disturbed.

The point as to the bankruptcy of the mortgagor, involved in the first specification of error, was not made in the court below, nor does it possess any merit.    The mortgagee relied entirely on his mortgage.    It does not appear that he proved any claim in bankruptcy, and hence the bankrupt law did not prohibit him from proceeding by scire facias on his mortgage in the state court : Green *v.* Arbuthnot, 4 W. N. C., 357.    The effect of the receipt, admission of testimony to rebut it, and other matters to which the remaining specifications relate, have already been sufficiently noticed.

None of the assignments of error is sustained.

Judgment affirmed.