JOHN P. VIDVARD AND PETER VIDVARD, RESPONDENTS, *v.* ISAAC P. POWERS AND AMOS K. HEDDEN, APPELLANTS.

*Evidence — when the declarations of a party are inadmissible as against his assignee for the benefit of creditors.*

In an action by a vendor of goods against a purchaser, and one to whom the latter has made a general assignment for the benefit of creditors, to recover the goods upon the ground that at the time of the sale the purchaser was insolvent and bought the goods with an intent not to pay for them, declarations of the purchaser showing that he knew he was then insolvent, made to another creditor after the ordering of the plaintiffs' goods and before their delivery, and prior to the making of the assignment, are inadmissible as against the assignee.

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee in an action for the recovery of possession of personal property.

The complaint alleged that on or about December 18, 1880, at Ellisburgh, Jefferson county, the defendants wrongfully became possessed of and detained from the plaintiffs'certain goods, the property of the plaintiffs, and of which·they were entitled to the immediate possession, of the value ot $409.11 ; that defendants after demand refused to deliver possession ; that the defendant Hedden on or about November 26, 1880, being insolvent obtained the property from the plaintiffs on credit, fraudulently, with intent not to pay for it, and on the 14th December, 1880, made a general assignment for the benefit of creditors to the other defendant Powers.

*Hannibal Smith,* for the appellants.

*S. J. Barrows,* for the respondents.

MERWIN, J. :

The issue in this case was whether the property had been fraudulently obtained from the plaintiffs by the defendant Hedden. Fraud was sought to be established on two theories; one based on representations in fact made by the agent of Hedden at the time the goods were ordered, and the other on the idea that Hedden when he received the goods was insolvent and did not intend to pay for them. Hedden had a store at Ellisburgh and also one at Lacona. The former was in charge of a clerk, or agent, named Delapp, who on the 25th and 26th November, 1880, ordered at Utica the goods in question. They were shipped at Utica on November twenty-sixth, being directed to Hedden, at Ellisburgh, and were received by Hedden on the first or second of December. On the 27th November, 1880, Mr. Golden, a creditor of Hedden, had a talk with him at his store at Lacona in regard to his financial standing and business. This conversation the plaintiff offered to prove by Mr. Golden, and it was objected to by the defendants as incompetent and immaterial ; that it had no relation to the matters in suit, nor for securing credit ; that it was immaterial if designed to affect defendant Powers ; that the witness was not acting for plaintiffs, and the conversation was not communicated to them. The objections were overruled and defendants excepted, and the witness gave the conversation. It tended to show that Hedden was insolvent and knew it, and in a contingency contemplated

an assignment. The defendant Powers afterward made a motion to strike this out, on the ground that the declarations of Hedden were incompetent and immaterial as against him, and this motion was denied and exception taken. The plaintiffs offered evidence of the same interview from the witness Dunmore, which was received over the same objection, the point being specially taken that the declarations of the assignor were inadmissible as against the assignee. This evidence was not a part of the transaction with plaintiffs, and it was not offered or received on that basis. It does not show a contemporaneous transaction, which would be admissible on the question of the intent of Hedden in the purchase of plaintiffs. The ruling is not sought to be upheld on that basis. So that the question is whether the declarations simply of the assignor before the assignment, and not part of the *res gestæ*, are competent against the assignee. It was held that they were in *Bullis* v. *Montgomery* (3 Lans., 255), but in same case in Court of Appeals it was held to the contrary. (50 N. Y., 352.) In that case it was said there was no such community of interest between the assignor and assignee for benefit of creditors as would make such declarations competent. The action was brought by the assignees to recover possession of certain property of the assignor, and the defense was fraud of the assignor in the purchase. The declarations offered were made shortly before the purchase, and were that he intended to cheat the sellers out of the property.

In *Von Sachs* v. *Kretz* (72 N. Y., 548) it was held that the declarations of a bankrupt, made before the bankruptcy, are admissible as evidence against his assignee to establish a claim against the estate. The case of *Bullis* v. *Montgomery* is not overruled, but distinguished, on the idea that there the declarations were made before any right or interest in the property in controversy was acquired by the assignor. In *Truax* v. *Slater* (86 N. Y., 630) the general doctrine is laid down by Judge EARL, that the mere declarations of an assignor of a chose of action forming no part of the *res gestæ* are not competent to prejudice the title of his assignee, whether the assignee be one for value or merely a trustee for creditors, and whether such declarations be antecedent or subsequent to the assignment. Within this rule and the doctrine of the Bullis case, which has not been overruled, the declarations of Hedden

were erroneously admitted as against the defendant Powers. It is very clear that they had a material influence in the decision of the case. The fact that Hedden is a party defendant does not for that reason make the evidence competent against Powers, no conspiracy being shown or alleged. Powers is the real party defendant, and the case against him must be made out by evidence good as against him.

Other questions are raised which it is not important now to consider. For error in receiving the declarations of Hedden, there must be a new trial.

The judgment should be reversed and new trial granted before another referee, costs to abide event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered before another referee, with costs to abide the event.