## FORT *vs.* BURCH.

A junior mortgagee, taking his mortgage with notice of a prior unrecorded mortgage, does not gain any advantage under the recording acts by recording his own mortgage, but holds his security subject to the prior encumbrance.

But if the junior mortgagee with notice assign to one who has no notice, the assignee is entitled to the preference, provided he record his assignment before the prior mortgage is recorded.

If he omit to record the assignment, his want of notice will not avail him.

If a junior mortgagee in a recorded mortgage, without notice of a prior unrecorded mortgage, assign to another who has notice, the assignee will, notwithstanding, hold the security discharged of the prior mortgage.

So one purchasing at a master's sale under the foreclosure of a mortgage in which the mortgagee was protected by the recording acts against a prior unrecorded mortgage, acquires a title discharged of the prior mortgage, though he had full notice of the existence of such mortgage.

A. gave a mortgage to B. which was never recorded, and afterwards another to C. who recorded it, but he had notice of B.'s mortgage. C. assigned to D. who had no notice, but he omitted to record his assignment. C. foreclosed his mortgage without making the holder of B.'s mortgage a party. F. purchased at the master's sale, but with notice of B.'s prior mortgage, and recorded his deed; *held* that F. acquired no advantage under the recording acts, and that the unrecorded mortgage of B. was still a paramount title.

EJECTMENT, tried at the Washington circuit, in October, 1844, before WILLARD, Cir. J.

William Burch was the source from which both parties claimed title. The plaintiff's title was as follows: 1. A mortgage from William Burch to Lewis Fort, dated in April, 1838, 'the day was blank,) and recorded on the 13th day of that month, in Washington county, in which the land was situate; 2. An assignment of the mortgage by the mortgagee to Jarvis P. Randall, dated March 5, 1840, *but which had not been recorded;* 3. An enrolled decree in the court of chancery in a suit for the foreclosure of the mortgage, in which Randall was complainant and William Burch, Lewis Fort and others were defendants. The decree of sale was entered May 23, 1843. The plaintiff in this suit became the. purchaser and received the master's deed, dated September 12, 1843, which was recorded on the 12th day of October in the same year.

The defendant produced and offered to prove and give in evidence, 1. A mortgage from William Burch to Jonathan Burr, dated April 30th, 1827, which was acknowledged, *but had not been recorded;* 2. An enrolled decree in a suit in chancery to foreclose the last mentioned mortgage by Burr, complainant, against William Burch, defendant. At the sale under the decree, which took place on the first day of February, 1843, Burr became the purchaser and received the master's deed, but it did not appear that it had been recorded. 3. A

deed subsequently executed by Jonathan Burr to William Whiteside, under whom the defendant held as a tenant. Connected with this evidence the defendant offered to show that when Lewis Fort took his mortgage from Burch he was fully informed of the existence of the prior mortgage to Burr, and took the same subject to the Burr mortgage. He also offered to show that at the master's sale, pursuant to the foreclosure of the mortgage of Burch to Fort, William Whiteside was present and forbid the same, and stated in the hearing of the persons then present, including Garret Fort, the plaintiff in this suit, that the premises had been sold under Burr's mortgage, and that he, Whiteside, had a deed from Burr; and he further offered to show that the deed from Burr to Whiteside was given for an adequate compensation actually paid in cash at the time. The defendant's counsel insisted that these facts would show the title to be in W. Whiteside. The judge, however, decided that a purchaser at a mortgage sale under a mortgage which had been recorded, was a bona fide purchaser, though he had notice of an older unrecorded mortgage, and that such purchaser acquired the same rights which the holder of the recorded mortgage would have had if he had become the purchaser; and that to enable the defendant to avail himself of the knowledge of Lewis Fort of the existence of the prior mortgage, a like notice must be brought home to Randall, the assignee of Fort. He accordingly excluded the evidence offered by the defendant, who excepted. Verdict for the plaintiff.

*S. Stevens*, for the defendant. 1. The plaintiff, upon the evidence offered, was not a *bona fide* purchaser, as he purchased with notice to Burr of the foreclosure under it, and of the purchase by and possession of Whiteside. (1 *R. S.* 756, § 1.) 2. The knowledge of Lewis Fort, the mortgagee in the recorded mortgage, of the existence of the prior mortgage to Burr, precluded him from asserting the character of a *bona fide* purchaser, and from taking advantage of the recording statutes. (*Jackson* v. *Burgott*, 10 *John.* 457 ; *Tuttle* v. *Hills*, 6 *Wend.* 213 ; *Grimstone* v. *Carter*, 3 *Paige*, 421 ; *Van Rensselaer* v.

Fort *v.* Burch.

*Clark,* 17 *Wend.* 25 ; *Berry* v. *The Mutual Ins. Co.* 2 *John.,* *Ch. Rep.* 608 ; *Jackson* v. *Post,* 15 *Wend.* 588, 595.) 3. Randall, the assignee of Fort, not having recorded his assignment, could not set up the character of a *bona fide* purchaser. Since the revised statutes the assignee of a mortgage is deemed a purchaser, and to avail himself of the statute he must record the assignment. Randall's want of notice, therefore, will not avail him. He occupied the same situation which Fort his assignor held. (1 *R. S.* 756, §·1 ; *id.* 762, § 37; *Hawley* v. *Bennett,* 5 *Paige,* 111 ; 4 *Kent's Com.* 168, 173.)

*C. L. Jenkins & D. McMartin,* for the plaintiff. Where a mortgagee affected with notice of a prior unrecorded mortgage, assigns the mortgage to one who has no notice, the assignee takes discharged of such prior mortgage. (*Jackson* v. *Van Valkenburgh,* 8 *Cowen,* 260, 264.) And it is unnecessary that the assignment should be recorded. (*James* v. *Morey,* 2 *Cowen,* 246.) Such was unquestionably the law prior to the revised statutes, and those statutes ought not to be held to affect rights under Fort's mortgage, which was executed long prior to their enactment ; and when the former statutes were repealed, it was done with the express saving of all rights accrued under them. (2 *R. S.* 779, § 5.) The recording acts only apply to successive conveyances from the same grantor. (*Raynor* v. *Wilson,* 6 *Hill,* 469.)

But the plaintiff has the priority under the recording acts. His deed from the master in chancery on the foreclosure of the first recorded mortgage, was placed on record before any title under the unrecorded mortgage was recorded.

McKissock, J. The decision of this cause depends on the question whether the defendant should have been permitted to show that Lewis Fort, at the time he took his mortgage, had notice of the prior mortgage to Burr, without bringing that notice home to the knowledge of Randall the assignee of Lewis Fort. Such notice to Fort would destroy his claim to be considered a *bona fide* purchaser, and therefore his younger re-

corded mortgage could not have preference to the older unrecorded mortgage. To have that advantage the younger must both be taken in good faith, and be first recorded. This was always the rule between grantor and grantee, by deed, and between mortgagor and mortgagee. (*Jackson* v. *Given,* 8 *John.* 137; *Jackson* v. *Van Valkenburgh,* 8 *Cowen,* 264; *Hawley* v. *Bennett,* 5 *Paige,* 111.)

But it is urged by the plaintiff that Randall, the assignee of Lewis Fort without notice, is a purchaser in good faith, though Fort had notice, and that his right under the assignment is to have precedence to the Burr mortgage, though not recorded. There is no doubt but that the assignee without notice would hold unaffected by notice to the mortgagee. This would be according to a rule of the common law for the prevention of fraud whereby an innocent purchaser is protected, though he take through a tainted title; but the accuracy of the latter branch of the proposition, that is, upon the effect of the failure to record the assignment, is to be determined by the statute concerning the recording of conveyances of real estate. By 1 *R. S.* 756, § 1, every conveyance of real estate shall be recorded, and if not, it shall be void against every subsequent purchaser in good faith for a valuable consideration, whose deed shall be first recorded; and by the 37th section the assignee of a mortgage is enumerated among those who are declared purchasers according to the meaning of that act. It appears, therefore, that to render the Burr mortgage void against the assignment to Randall, that should have been recorded.

The last clause of the fifth section of the repealing act of 1828, (2 *R. S.* 779,) provides that the repeal of any statutory provision shall not affect any act done or right accrued, but that every such act done or right accrued shall remain as valid and effectual as if such provision had not been repealed. Hence the counsel for the plaintiff insisted that the Burr mortgage was an act done and a right accrued, and as it could not have been effectual against the plaintiff's right under the assignment to Randall, if the law of 1822, in respect to recording deeds' and mortgages had remained in force, the repeal of that act

by the repealing act of 1828, could not add to its force and effi-cacy against the plaintiff's interest under that assignment; and that unless such effect could be given to the fifth section of the repealing act, there would now be no protection against unrecorded mortgages made before 1830, for the revised statutes only operate upon conveyances thereafter executed.

But it must be remembered that the Burr mortgage was from its date till 1830, good against all the world as far as we are informed from the facts of this case. And that the mortgage under which the plaintiff claims, bears date in 1838. Now while the repealing act by its saving clause did not propose to confer on any one greater rights than they then possessed, it most undoubtedly does not possess the prospective power to give persons, long after, the means of acquiring rights contrary to the law as it might then stand. Much less has it the potency to produce that effect when thereby rights shall be divested which were perfect at the time of its enactment. (*Huntington* v. *Forkson*, 6 *Hill*, 149.) Besides, if Randall had taken the assignment of the Lewis Fort mortgage, prior to 1830, the plaintiff would have been under no necessity of invoking a judicial interpretation of the repealing act, to save him from mischief; for in that case, though Lewis Fort had notice of the previous mortgage, still Randall taking the assignment without notice, would have been a bona fide purchaser and would have taken preference of the older mortgage without recording his assignment. (*James* v. *Morey*, 2 *Cowen*, 246 ; *Jackson* v. *Van Valkenburgh*, 8 *id.* 264 ; *Humphrey* v. *Given, cited above.*) The plaintiff therefore has no reason to complain of the repealing act of 1828. And if Randall had availed himself of the provisions of the revised statutes by recording his assignment, it would, if it were made in good faith and for a valuable consideration, have rendered void as against him the older mortgage to Burr.

But as the recording act by which the rights of the parties are to be controlled, requires that the purchase should nave been made not only in good faith and for a valuable consideration, but also that the conveyance shall be first recorded to

Fort v. Burch.

give it precedence to an older conveyance of the same premises
from the common grantor, it follows that the position of the
different claimants here is the same as if no recording statute
had existed. And hence if Lewis Fort took his mortgage with
notice of that to Burr, the defendant should have been permitted
to prove that fact, though he did not bring the knowledge of
it home to Randall the assignee.

WHITTLESEY, J. William Burch is the common source of
title. In 1827 he executed a mortgage to Jonathan Burr,
which was not recorded. In 1838 he executed another mort-
gage to Lewis Fort, which was recorded. Fort however had
notice of the previous mortgage. Fort assigned this mortgage
to J. P. Randall in March, 1840, Randall being a bona fide
purchaser and having no notice of the previous mortgage.
Though Fort, his assignor, had notice of the previous mort-
gage, yet that notice did not affect Randall, his assignee. If
one purchase bona fide and for a valuable consideration with-
out notice from one who has notice, such purchaser is not af-
fected by the notice to his grantor. (*Jackson* v. *Van Valken-
burgh*, 8 *Cowen*, 260 ; *Varick* v. *Briggs*, 6 *Paige*, 323 ; *Jack-
son* v. *Given*, 8 *John. R.* 137 ; *Story's Equity*, § 409, 410.)
If however the elder mortgage had been recorded before Ran-
dall took the assignment, Burr would have held under the
elder mortgage as against Randall the assignee of the junior
mortgage. (*Jackson* v. *Post*, 15 *Wend.* 588 ; *Van Rensselaer*
v. *Clark*, 17 *id.* 25.) As the elder mortgage was not recorded
when Randall took his assignment, he, being a bona fide pur-
chaser, would hold as against Burr. And as before the revised
statutes an assignment of a mortgage was not required to be
recorded, Randall's title could not have been defeated by any
subsequent recording of the elder mortgage. (*James* v. *Morey*,
2 *Cowen*, 246.) But since the revised statutes an assignee of
a mortgage is a *purchaser ;* and the assignment of a mortgage
is a *conveyance* within the recording act ; and consequently
such assignment follows the rule of other conveyances as to
record. (1 *R. S.* 762, §§ 37, 38.) After the assignment of the

mortgage, and while neither that assignment nor the elder mortgage were recorded, it would become a strife which should be first recorded; and that which was first recorded would acquire a priority. (1 *R. S.* 756, § 1; 4 *Kent's Com.* 173; *Ledyard* v. *Butler,* 9 *Paige,* 132.)

Neither of these instruments have as yet been recorded, but the master's deed derived through the foreclosure of the younger mortgage and the assignment to Randall have been recorded. This is the deed under which the plaintiff claims title, and as it is the first instrument in either of these chains which has been recorded, it must give the plaintiff the priority. The defendant as yet has neither procured the elder mortgage to be recorded, nor the master's deed under it.

The notice given at the master's sale under which the plaintiff purchased did not affect the plaintiff. The complainant in that suit was a bona fide purchaser, and could sell to another having notice; so that the assignee from him would take all his rights, even though he had notice. (*Story's Eq.* § 409; *Varick* v. *Briggs,* 6 *Paige,* 323.) An assignment that he could make directly, he could certainly make through the instrumentality of a suit in chancery; and the plaintiff in this suit, by purchasing at the master's sale, placed himself in Randall's shoes in precisely the same manner as he would have done if he had taken an assignment from him. After he had so purchased, it was with him as it had been before with Randall, a race of diligence under the recording act. The simple question, whose is the title depends upon whose conveyance should be recorded first. The plaintiff procured his master's deed to be recorded first, and this gave him priority.

I think therefore there is no error in the direction of the judge, and that a new trial should be denied.

BEARDSLEY, Ch. J. I think the plaintiff cannot recover in this case. The defendant, so far as is material to the present question, stands in the place of the first mortgagee, Burr, while the plaintiff has such right only as was conferred by the junior

mortgage to Fort. The mortgage to Burr being made in 1827, would, at common law, be entitled to a preference over that to Fort, which was executed in 1838. This is a well settled principle, and unless a preference in favor of the junior mortgage has been gained in some way under the recording statutes, the plaintiff cannot succeed.

When the mortgage of 1838 was given, the mortgagee therein, Fort, had notice of the prior mortgage, so that no preference was gained by placing the junior mortgage on record. In 1840, this mortgage was sold and assigned to Randall, without notice of the mortgage of 1827, but the assignment was not recorded. It is not material to inquire whether Randall would have gained a preference by this purchase and assignment if made before the revised statutes were in force, for such was not the fact. By those statutes no preference is gained in favor of the assignee of a mortgage, unless the assignment is recorded. (1 *R. S.* 756, § 1 ; *Id.* 762, § 37.) This assignment not having been placed on record, the assignee, Randall, had no better or greater right than that of his assignor, Fort. Nor did the plaintiff acquire any additional right by his purchase at the master's sale, on the foreclosure of this mortgage of 1838, although the master's deed was recorded, for that purchase was made with full notice of the mortgage of 1827. The failure to record the assignment to Randall was, as I think, a fatal defect in the chain of the plaintiff's title, and a new trial should be had.

New trial ordered.