St. John v. Spalding, appellant.

*Mortgage — agreement to release lien of — effect of unrecorded agreement — assignee of mortgage protected by recording acts.*

At the time of the execution of a mortgage upon two parcels of land, the mortgagee executed an agreement under seal that, upon the payment of $2,000, he would release from the lien of the mortgage one of the parcels. The parcel designated was conveyed to S. Afterward the mortgagee received $5,000 insurance money for a loss happening upon the mortgaged premises, which sum he applied toward the payment of the mortgage. After this he assigned the mortgage for value to S. J., who had no notice of the agreement to release. That agreement was not placed upon record. In an action to foreclose the mortgage, *held,* that S. J. was protected by the recording acts against the unrecorded agreement to release. The assignment of a mortgage upon real estate is a conveyance, and the assignee a purchaser within the meaning of those acts.

APPEAL from a judgment entered upon the report of a referee. The facts appear in the opinion.

*Holmes & Fitts,* for appellant. The assignee took the mortgage subject to the equities it was subject to in the hands of the mortgagee. *Hartley* v. *Tatham,* 24 How. 505; S. C. affirmed, 26 id. 158; 1 Keyes, 222; *Rice* v. *Dewey,* 54 Barb. 466; *Westfall* v.

*Jones,* 23 id. 9; *Murray* v. *Lylburn,* 2 Johns. Ch. 442; *L'Amareaux* v. *Vandenburg,* 7 Paige, 316; *Hovey* v. *Hill,* 3 Lans. 172.

The agreement to release did not affect the title to real estate within the recording acts, and the mortgagee had only a chattel interest in the property, notwithstanding the form of the conveyance. 4 Kent's Com. 182 (10th ed.) n. 1; *Dougherty* v. *Randall,* 4 Mich. 581; *Waring* v. *Smyth,* 2 Barb. Ch. 135; *Runyan* v. *Mersereau,* 11 Johns. 534; *Kortright* v. *Cady,* 21 N. Y. 343; *Packer* v. *R. & S. R. R. Co.,* 17 id. 295.

*L. F. Bowen,* for respondent.

TALCOTT, J. This is an action to foreclose a mortgage covering two adjoining parcels of land in Lockport. At the time of the execution of the mortgage George W. Rogers, the mortgagee, executed and delivered to Erastus H. Spalding, the mortgagor, an agreement under seal by which the former agreed with the latter, his heirs and assigns, that whenever two thousand dollars of principal, and interest up to the time of the payment of said principal, should be paid on the mortgage, that he (Rogers) would release, or cause to be released from the lien of the said mortgage the parcel of land secondly in said mortgage described, so that the same "shall be held and enjoyed free and discharged from the lien and incumbrance of the said mortgage." After the giving of the mortgage, the mortgagor conveyed the parcel secondly therein described to Amy P. Spalding, the appellant. After the conveyance to the appellant, and before the assignment of the mortgage to the plaintiff, as hereinafter mentioned, Rogers, the mortgagee, received from certain insurance companies the sum of five thousand dollars by reason of a loss by fire, and upon certain policies of insurance procured by the mortgagor, or at his expense, covering certain buildings and machinery on a part of the premises embraced in the mortgage, which policies were held by Rogers as collateral to the mortgage pursuant to an agreement therein contained.

After this, Rogers assigned and transferred the mortgage to the plaintiff, for a valuable consideration. The plaintiff purchased the mortgage in good faith and without any notice of the agreement to release the parcel secondly described in the mortgage. The assignment of the mortgage to the plaintiff was duly proved and recorded

in the clerk's office of Niagara county. But the agreement on the part of Rogers, the mortgagee, to release the parcel secondly described in the mortgage has never been acknowledged or recorded. The appellant sets up in her answer the agreement to release and the payment of the five thousand dollars, as a defense against the mortgage so far as the second parcel of land described in the mortgage is concerned.

The referee has overruled the defense, and ordered judgment which authorizes the sale of both the parcels on the foreclosure, in the inverse order of alienation; and from this judgment the defendant Amy P. Spalding appeals. We are of the opinion that the decision of the referee was correct, and that the plaintiff is protected by the recording act against the unrecorded agreement to release. If the release has been actually executed and left unrecorded, a bona fide purchaser of the mortgage for value, and without notice, who had procured the assignment of the mortgage to be recorded, would clearly be protected by the recording act against the release. The assignment of a mortgage upon real estate is a "conveyance," and the assignee a purchaser within the meaning of the recording acts. *Vanderkemp* v. *Sheldon*, 11 Paige, 29 ; *Fort* v. *Burch*, 5 Denio, 187; *Belden* v. *Meeker*, 47 N. Y. 307; S. C., 2 Lans. 471.

A release of premises from the operation of a mortgage, and an agreement for such a release, are both instruments by which the title to real estate "may be affected in law or equity," and therefore within the statutory definition of the word "conveyance" as used in the recording acts.

The doctrine that the assignee of a mortgage takes it subject to all equities existing between the mortgagor and his grantees and the mortgagee, cannot be applied to those instruments which are embraced within the word "conveyance," as used in the recording acts, without repealing that act *pro tanto*, and withholding from "purchasers" the protection it was expressly designed to confer.

The judgment must be affirmed, with costs of the appeal.

*Judgment affirmed.*