EDWARD F. DE LANCEY, Executor, etc., Respondent, *v.* OSCAR H. STEARNS et. al., Appellants.

One who, either with or without notice of a prior unrecorded mortgage, takes a mortgage or conveyance of land as security for an existing debt, without giving up any security or divesting himself of any right, or doing any act to his own prejudice, on the faith of the title, is not a *bona fide* purchaser for value within the meaning of the recording act (1 R. S., 756, § 1), and as against him the prior mortgage is valid.

An assignee, for value, of the subsequent mortgage, or grantee for value, claiming under the subsequent deed, stands in no better position than the mortgagee or original grantee.

*Jackson* v. *Van Valkenburgh* (8 Cow., 260); *Fort* v. *Burch* (5 Den., 187) distinguished.

(Argued March 29, 1876; decided May 23, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming

a judgment in favor of plaintiff, entered upon a decision of the court at Special Term.

This action was for the foreclosure of a mortgage given by defendants Jane B. Hyde and William A. Hyde, her husband, to plaintiff, dated July 1, 1870, on certain premises in Brooklyn. The mortgage was not recorded until October 25, 1873.

The court found, in substance, that, after the giving of said mortgage, and about October 1, 1870, said Jane B. Hyde, with her husband, executed a mortgage upon the premises to Bradley and Currier, to secure the payment of a pre-existing debt, $1,500, and with the agreement that the same was a second mortgage, which mortgage was duly recorded January 25, 1871, and which, after various intermediate assignments, was assigned to defendant, Olive W. Richardson; all of which assignments were duly recorded and were without consideration, and with notice of plaintiff's prior equity and lien; that, on April 4, 1871, said Jane B. Hyde mortgaged the premises to Charles G. Larned to secure $2,000, which mortgage was assigned to defendant Stearns July 18, 1872, and was without consideration and fraudulent; that said mortgage and assignment were duly recorded; that, on December 6, 1871, said Jane B. Hyde and husband deeded the premises to Dwight Hyde, it being stated in the deed that it was "subject, nevertheless, to all incumbrances on the said premises;" that said Dwight Hyde, by deed containing the same clause, dated September 23, 1872, conveyed the premises to defendant Oscar H. Stearns, both of which deeds were without valuable consideration, and were with full notice to the grantees of plaintiff's mortgage; said deeds were duly recorded prior to plaintiff's mortgage; that Stearns, in December, 1872, executed a mortgage on the premises, for $2,000, to said defendant Richardson, which was given without consideration, and with notice of plaintiff's mortgage; that, on July 8, 1873, said Stearns conveyed the premises to one Joseph A. Hyatt, Jr., who on the same day, mortgaged the same to Charles H. James to secure the payment of $2,500, and then, upon the same day, reconveyed the premises by deed to said Stearns;

that the mortgage was assigned July 11, 1873, by James to defendant Polhemus; that said deeds mortgage and assignments were duly recorded prior to plaintiff's mortgage, but were without consideration, fictitious and fraudulent. Further facts appear in the opinion.

As conclusions of law, the court found that plaintiff's mortgage was a valid lien, prior to the liens created by said other mortgages, and prior to any liens or claims of the defendants.

*D. P. Barnard* for the appellants. A *bona fide* assignee of a mortgage, without notice of a prior unrecorded mortgage, is not affected by notice to the mortgagee if his assignment is recorded before the prior mortgage. (*Jackson* v. *Van Valkenburgh*, 8 Cow., 260; *Ely* v. *Scofield*, 35 Barb., 330; *Jackson* v. *Given*, 8 J. R., 137; *Dey* v. *Dunham*, 2 J. Ch., 182; *Freeman* v. *Schroeder*, 43 Barb., 618.)

*Geo. C. Genet* for the respondent. The recording acts only have reference to *bona fide* purchasers for value without notice. (*Jackson* v. *Post*, 15 Wend., 588; *Van Rensselaer* v. *Clark*, 17 id., 25; *Weaver* v. *Barden*, 49 N. Y., 291; *Wood* v. *Robinson*, 22 id., 264; *Cary* v. *White*, 52 id., 138.) The mortgage to Bradley and Currier was not a lien prior to plaintiff's. (*Dickson* v. *Tillinghast*, 4 Paige, 215; 49 N. Y., 293; 52 id., 138; *Schaffer* v. *Reilley*, 50 id., 66; *Van Rensselaer* v. *Stafford*, Hopk., 569; *Reeves* v. *Kimball*, 40 N. Y., 311; *Bush* v. *Lathrop*, 22 id., 535; *Ballard* v. *Burgett*, 40 id., 314; *Mason* v. *Lord*, id., 486; *Sheldon* v. *Edwards*, 35 id., 285.)

RAPALLO, J. The omission of the plaintiff to record his mortgage rendered it void only as against subsequent purchasers, in good faith for value, whose conveyances should be first duly recorded.

The appellant Oscar H. Stearns does not occupy that position. The judge finds that the deed to him from the

mortgagors was without any valuable consideration, and was received by him with full notice of the plaintiff's mortgage. By the terms of the deed, the property was conveyed to him "subject to all existing incumbrances on said premises." In his answer, he denies the allegation in the complaint that the conveyance was without consideration and fraudulent, but he does not allege what the consideration was or that he paid any. He testified upon the trial that the consideration was money advanced and to be advanced to Dwight Hyde, one of the grantors. That he had advanced a good deal, probably $8,000 or $10,000, but he does not allege that he advanced any after the conveyance or upon the faith of it, and the fair inference from his testimony is that he did not, inasmuch as he testified that, at the time of his examination, the account between him and Hyde was unsettled, and, as far as he could tell, the unsettled matters amounted to between $4,000 and $5,000. On his own showing, therefore, he appears to have taken this conveyance as security for an unsettled account. This would not constitute him a *bona fide* purchaser for value, and, irrespective of the question of notice, the judge's finding that the deed was without valuable consideration is sustained by the evidence.

The mortgage for $2,000 given by Stearns to the appellant Olive W. Richardson is also found by the judge to have been given without consideration or value. In her answer, she does not set up that she paid value therefor. She simply ignores the allegations of the complaint, and she did not prove upon the trial that she had paid such value.

The mortgage of $2,500 held by the appellant Polhemus was originally made to one James, without consideration, for the purpose of being negotiated, and was afterwards assigned by him to Polhemus. We think that upon the evidence the judge was justified in discrediting the statement of Polhemus as to his being a *bona fide* purchaser of the mortgage for value.

The $2,000 mortgage given by Mr. and Mrs. Hyde to Larned, and by him assigned to Burton, and by Burton to

Stearns, is not shown to have been given originally for value, and the testimony of Stearns, as to what he gave for it, is very loose and unsatisfactory. He says he thinks he gave the full amount of it to Mr. Hyde when he took it, but that he had so many transactions of the kind he could not recollect the particulars ; afterwards, he says he gave him a protested note. We think the finding of the judge that this mortgage was without consideration is sustained by evidence.

The only remaining question in the case arises upon the $1,500 mortgage made by Mr. and Mrs. Hyde to Bradley and Currier, and subsequently assigned to the appellant Olive W. Richardson. It is claimed that the uncontroverted evidence shows that Bradley and Currier paid value for this mortgage, and also that the appellant Richardson paid value for it when assigned to her, and that, although Bradley and Currier had notice of the prior mortgage, and took theirs subject thereto, yet that their *bona fide* assignee without notice is not bound by the notice to them. The case of *Jackson* v. *Van Valkenburgh* (8 Cow., 260) holds that where a party takes a mortgage with notice of a prior unrecorded mortgage, and with the understanding that he is to take his mortgage subject to the previous one, he cannot claim priority, but that his *bona fide* assignee, without notice of the prior unrecorded mortgage, is not affected by the notice to his assignor. *Fort* v. *Burch* (5 Denio, 187) recognizes this doctrine, with the qualification only that the assignment must be recorded before the prior mortgage is recorded. If the mortgage to Bradley and Currier had been given for value, in the sense in which that term is used, with reference to the question, what constitutes a *bona fide* holder, and the only difficulty were the notice to Bradley and Currier of the prior unrecorded mortgage, the cases cited would be authority in favor of the appellant Richardson. But the further difficulty exists that the judge has found that the mortgage to Bradley and Currier was given in payment of a pre-existing debt, and has not found that any security was relinquished or new consideration given. It has been held in numerous cases that one who, without notice of a prior

unrecorded mortgage, takes a conveyance of land in payment of an existing debt or as a security therefor, without giving up any security, divesting himself of any rights, or doing any act to his own prejudice on the faith of the title, before he has notice of the mortgage, is not a *bona fide* purchaser. See, for a valuable consideration within the meaning of the recording acts, *Dickinson* v. *Tillinghast* (4 Paige, 215), *Evertson* v. *Evertson* (5 id., 644, and cases cited), *Weaver* v. *Bardon* (49 New York, 286).

Although, on the question of notice, the *bona fide* assignee of the mortgage for value may stand in a better position than the mortgagee, she cannot, on the question of the consideration of the mortgage, either as between her and the mortgagor or third parties. (*Schaffer* v. *Reilly*, 50 N. Y., 66.)

The judgment should be affirmed, with costs.

All concur. FOLGER, J., absent.

Judgment affirmed.