PLATT C. VIELE, Appellant, v. JUNIUS JUDSON, Impleaded with others, Respondent

*Assignment of mortgage — neglect of county clerk to note it on the side of the record of the mortgage — Laches — when a party loses rights by.*

November 4th, 1870, one Decker executed a bond and mortgage to one Vaughn for $1,200, and on the same day the latter executed a paper, purporting to be an assignment of the same to plaintiff. Both papers were recorded, but the assignment was not noted on the side of the mortgage, because it was so vague that the mortgage to which it referred could not be determined. March 13th, 1873, Vaughn executed a satisfaction-piece, and the mortgage was discharged of record. Plaintiff knew that the mortgage was so discharged, but took no steps to have it restored. September 20th, 1875, Ludlam, the then owner of the property, executed a mortgage for $5,000 to Hubbard, who assigned the same to the defendant Judson. Ludlam and Hubbard both knew that plaintiff's mortgage had not been paid, but Judson purchased in good faith, and without knowledge of its existence.

*Held,* that plaintiff was guilty of laches in not taking steps to have his mortgage restored on the record, and that defendant Judson's mortgage was entitled to priority over his.

Appeal from a judgment, entered in Monroe county upon the trial of this action by the court without a jury.

The judgment was entered upon findings and a decision of the Special Term in an action to foreclose a mortgage. On the 4th day of November, 1870, Franklin Decker executed the bond and mortgage for $1,200, described in the complaint, to Evan D.

Vaughn. On the same day Vaughn executed a paper called an assignment, and delivered it to the plaintiff. Both the mortgage and said paper were recorded on the same day and hour in the Monroe county clerk's office. The clerk failed to note any memorandum of assignment of the mortgage in the book containing the record of said mortgage. It was insisted that the paper was insufficient and indefinite, and that the clerk was not apprised by it what mortgage was intended, and was therefore excusable for not entering a note in the book where the $1,200 mortgage was recorded. The disputed assignment was in the following words, viz:

This instrument, made this 4th day of November, 1870, between Evan C. Vaughn, of the city of Rochester, county of Monroe, and State of New York, of the first part, and Platt C. Viele, of the same place, of the second part, witnesseth: That the party of the first part, for a good and valuable consideration to him in hand paid by the party of the second part, have sold, assigned, transferred and conveyed, and does hereby sell, assign, transfer and convey to the party of the second part a certain mortgage, bearing date the 4th day of November, 1870, made by Franklin Decker, recorded in the clerk's office of Monroe county, in liber — of mortgages, at page ——, on the —— day of —— 18—, at — o'clock -. M.; together with the bond accompanying said mortgage, and therein referred to, and all sums of money due and to grow due thereon. And the part— of the first part hereby covenant that there is due on said bond and mortgage the sum of $1,200.

In witness whereof, the party of the first part have hereunto set my hand and seal the day and year first above written.

EVAN D. VAUGHN, [L. S.]

State of New York, }
Monroe County. }

On this fourth day of November, in the year one thousand, eight hundred and seventy, before me, the subscriber, personally appeared Evan D. Vaughn, to me known to be the same person described in and who executed the within instrument and acknowledged that he executed the same.

JNO. BANCKER,
*Notary Public.*

Endorsed — Monroe County, *ss:* Recorded on the 4th day of November, 1870, at 2 o'clock P. M., in liber 10 of assignments and mortgages, page 172, and entered in liber — of mortgages, at page —, and examined.

CHARLES J. BOWEN, *Clerk.*

Bancker, the attorney, who drew the paper, received from the plaintiff, $1,100 on said bond and mortgage by Decker, and delivered it to Vaughn. The plaintiff then put the papers on record. On the 13th day of March, 1873, Vaughn executed, under his hand and seal, and duly acknowledged a regular discharge of said mortgage, and the same was recorded in said clerk's office on the 29th day of March, 1873, and was noted at the foot of the record of said mortgage. The plaintiff, " during the summer of 1873, and at all subsequent times had full knowledge of the said discharge of the mortgage by Vaughn, and of the record of the same, and took no steps to reinstate the said record."

In September, 1875, M. C. Ludlam purchased the premises of M. N. Hubbard, and gave to Hubbard a mortgage of $5,500, executed September 20th, 1875, and recorded September 22d, 1875. This $5,500 was duly assigned by Hubbard to the defendant, Junius Judson, who became the owner, advancing cash upon his purchase thereof, having no knowledge or information sufficient to put him on inquiry as to the prior mortgage, the discharge thereof, or any invalidity in the discharge thereof; and he relied upon the abstract of title of said premises, made and certified by the clerk of Monroe. At the time of the execution of said mortgage of $5,500 from Ludlam to Hubbard, Ludlam and Hubbard both knew that the discharge executed by Vaughn was invalid, and that the mortgage of $1,200 to plaintiff was unpaid. Hubbard had no interest in the $5,500 mortgage, and it was negotiated by Ludlam to Judson, and Ludlam received the money upon it advanced by Judson. Hubbard took no part in the negotiation, and received no part of the money. The trial judge found that the $5,500 should have preference over the plaintiff's mortgage; and as to the other defendants, that the plaintiff was entitled to a foreclosure, and awarded costs to Judson.

*J. C. Cochrane* and *Davy & Lucky*, for the appellant.

*F. A. Macomber, Satterlee & Yeoman*, for the respondent, Judson.

HARDIN, J.:

The record of the plaintiff's mortgage was marked discharged March 29th, 1873, by the clerk, when he recorded the discharge executed by Vaughn bearing date March, 1873, acknowledged the 28th of March, 1873. When the clerk noticed the entry of the discharge, he found no entry of any assignment of the plaintiff's mortgage. Therefore the discharge executed by the mortgagee Vaughn was properly entered of record by the clerk. Had the paper called the assignment of the mortgage, executed by Vaughn to plaintiff, been noted at the foot of the record of the plaintiff's mortgage, it would have been irregular for the clerk to enter the discharge. The trial judge has found that the paper called an assignment, " does not contain sufficient description of, or enough statements of facts concerning the mortgage to designate or describe the same." Whether that finding is correct, is not important to be determined here. For it appears *the plaintiff* more than two years prior to the purchase by Judson of the mortgage held by him, knew of the discharge of his mortgage. The trial judge has found, viz : " That the plaintiff Platt C. Viele, had, during the summer of 1873, and at all times subsequent thereto, full knowledge of the said discharge of the mortgage set forth in the complaint, and of the record of the same, *and took no steps to reinstate the said record.*" The evidence supports this finding. If the plaintiff as soon as he learned in the summer of 1873, that the mortgage had been discharged of record, had been active and vigilant, the discharge could have been vacated and innocent purchasers in good faith would not have parted with their money upon the faith of the record freed of the mortgage. Instead of being vigilant, as soon as he learned of the discharge, the plaintiff slept two years, and was culpably negligent, allowing the record to appear to be clear of his mortgage.

When Judson took an assignment of the $5,500 mortgage, a clerk's search showing the record free of any mortgage to the plaintiff, was produced and acted upon, and in good faith without notice, Judson parted with his money and became the assignee

of the mortgage made by Ludlam to Hubbard. The laches of the plaintiff, his negligence and the good faith of Judson parting with his money without notice of the plaintiff's mortgage, work an estoppel upon the plaintiff in favor of Judson. Prompt and decisive action upon the part of the plaintiff, by suit to foreclose his mortgage, if over due with *lis pendens* filed, or if not over due, a suit to cancel the discharge, and to reinstate the record, would have saved the plaintiff's mortgage, as well as prevented Judson or any one else from being deceived by the record. The observation of VAN VORST, J., in *Costello* v. *Meade* (55 How. 358), is applicable, to wit : "For if a man so conducts himself, whether intentionally or not, that a reasonable person would infer that a certain state of things exists,and acts on that inference, he shall be afterwards estopped from denying it." (*Cornish* v. *Abington*, 4 Hurl. & Norman, 556; *Schafer* v. *Reilly*, 50 N. Y., 67 and 68, and cases there cited of *Jackson* v. *Van Valkenburgh*, 8 Cowen, 260; *Jackson* v. *Henry*, 10 John, 185; *Varick* v. *Briggs*, 6 Paige, 323; *Fort* v. *Burch*, 5 Denio, 187.)

By failing to act the plaintiff identified himself with Vaughn, and must abide by his act so far as the subsequent purchaser is affected. (*Bank* v. *Anderson*, 14 Iowa, 544; and also close of opinion of DWIGHT Com. in *Trustees of Union College* v. *Wheeler*, 61 N. Y., 112.) Judson was, therefore, a subsequent purchaser," in good faith, without notice, parting with fresh consideration, and must be permitted to hold his mortgage as a prior and superior lien in equity to the mortgage of the plaintiff. (*Van Keuren* v. *Corkins*, 66 N. Y., 77; *DeLancey* v. *Stearns*, 66 N. Y., 157; *Trustees of Union College* v. *Wheeler*, 61, N. Y., 89.) It follows from, these views, that the result reached at the trial was correct, and the judgment should be affirmed, with costs.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed with costs.