ZIPPORAH R. CLARK, APPELLANT, *v.* JAMES MACKIN AND WILLIAM S. VERPLANCK, EXECUTORS AND TRUSTEES, ETC., OF JOHN P. DE WINT, DECEASED, RESPONDENTS, IMPLEADED, ETC.

*Recording — rights of an assignee of a mortgage whose assignment is first recorded, over an unrecorded assignment — right to compel one having a lien upon two funds to resort to one of them — right of a second mortgagee to compel an assignment of a prior mortgage, and also of a collateral guaranty of its payment held by the owners of the prior mortgage.*

Miller gave a mortgage upon premises owned by him to Impson, which was recorded February 21, 1856. On April 30, 1856, Impson assigned the mortgage to Matilda Durland, who on April 1, 1861, assigned it to James Durland, by whom it was on January 13, 1880, assigned to the plaintiff, who brought this

action to foreclose it. None of the assignments were recorded, but the papers were at all times in the possession of the assignees. May 1, 1863, Miller conveyed the premises to McNeal. October 11, 1873, Impson, without receiving any payment or consideration therefor, delivered to McNeal a satisfaction of the mortgage, which was duly recorded. January 22, 1876, McNeal, in order to secure an antecedent indebtedness, gave a mortgage covering the same and other premises to Ramsdell and others, who had notice of the existence of the prior mortgage. This mortgage was recorded January 26, 1876. Subsequently Mackin and others took an assignment of this mortgage for value and without notice of the existence of the plaintiff's mortgage, their assignment being duly recorded on February 2, 1877. In this assignment Ramsdell and the others guaranteed the payment of the mortgage. Under a foreclosure of this mortgage all the premises, other than those described in the first mortgage, were sold, realizing but a small sum. The premises left are insufficient in value to satisfy both mortgages.

*Held,* in this action brought to foreclose the mortgage given by Miller to Impson, that the mortgage held by Mackin was entitled to priority over that held by the plaintiff.

That the plaintiff could not compel the owners of the second mortgage before satisfying it out of the land, to first enforce the covenant of guaranty given by Ramsdell and the others upon the assignment thereof.

That he was not entitled upon paying the amount due upon the second mortgage to compel the owners thereof to assign the same to him, together with all their rights to, and in the guaranty held as collateral security for its payment.

APPEAL from so much of a judgment, entered upon the trial of this action by the court without a jury, as dismissed the complaint as to the defendants Mackin and Verplanck, executors.

*Henry Bacon,* for the appellant.

*E. A. Brewster,* for the respondents.

DYKMAN, J.:

This action is an action for the foreclosure of a mortgage, and the material facts are substantially without dispute. Jonah Miller, the owner of the premises in question, executed and delivered a mortgage thereon to Abraham Impson to secure the payment of $1,000. This mortgage was recorded February 21, 1856. Impson assigned the mortgage to Matilda Durland April 30, 1856, and she assigned it to James Durland April 1, 1861. James Durland assigned the same to the plaintiff January 13, 1880, and he now seeks to foreclose it in this action. None of the assignments of this mortgage have ever been recorded, but the papers have been at all times in the possession of the assignees. The premises were

sold and conveyed to the defendant Henry V. McNeal, about the 1st of May, 1863.

On the 11th day of October, 1873, Impson executed and delivered to McNeal a satisfaction piece of the mortgage without payment or consideration, which was duly recorded. On the 22d day of January, 1876, McNeal executed and delivered to Homer Ramsdell and others a mortgage covering the same premises with others for an antecedent indebtedness and without other consideration.

This mortgage was duly recorded January 26, 1876, and was taken with notice of the existence of the mortgage in suit. This mortgage was assigned to Mackin and others, as executors, for value and without notice of the existence of the plaintiff's mortgage, and their assignment was duly recorded February 2, 1877. In this assignment Ramsdell and others guaranteed the payment of the mortgage.

The executors have foreclosed this mortgage and under the judgment have sold all the land covered by it except the premises in question, and realized but a small sum. The premises here are insufficient for the payment of both mortgages.

We have therefore to determine the rights and equities of these parties. Ramsdell & Co. having taken their mortgage for an antecedent debt without paying consideration or parting with any value, and with actual notice of the existence of the plaintiff's mortgages, were not protected by the recording law. In their hands their mortgage was subordinate to that of the plaintiff. What then is the position of their assignees? They are innocent holders for value and their assignment has been recorded. Aside from the recording act, the assignee of a mortgage takes the place of his assignor and receives the mortgage subject to all equities. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Crane* v. *Turner*, 67 id., 437.) But now under our recording statutes, where the assignee of a junior mortgage receives his assignment in good faith, without notice of a prior unrecorded mortgage, he is entitled to preference if he records his assignment before the first mortgage is recorded, even though his assignee had notice thereof. (*Fort* v. *Burch*, 5 Denio, 187; *Westbrook* v. *Gleason*, 79 N. Y., 23.)

It seems to follow, therefore, that though Ramsdell & Co. held their mortgage subject to that of the plaintiff, yet, as they assigned

to Mackin and others who had no notice of it, the latter were entitled to preference after they recorded their assignment. (*Westbrook* v. *Gleason*, 79 N. Y., 23.)

There is another question. The plaintiff makes contention for the rule applicable where one creditor has a lien on two funds for the security of his debt, and another has an interest in only one of those funds, without right to resort to the other. Judge STORY states the rule thus: "If one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties." (Story's Equity Jurisprudence, § 633.) This is a very beneficent rule, and Chancellor KENT, in *Cheeseborough* v. *Millard* (1 Johns. Ch., 412), said it was founded in natural justice and was recognized in every cultivated system of jurisprudence. The case of the plaintiff, however, is not within its scope or range. Mackin and his associates have a lien only on one fund or property. They may have a cause of action against Ramsdell & Co., by virtue of their covenant of guarantee, but that gives them no lien. They have but one lien, and that is on the same property embraced by the lien of the plaintiff. They cannot, therefore, be compelled to resort to the covenant in their assignment under the rule invoked.

Again, the plaintiff insists that if the Ramsdell mortgage be a prior lien to that of the plaintiff, it is his absolute legal right to pay the amount due on that mortgage and be subrogated to all the rights of the holders, not only in the mortgage but in the guaranty which they hold as collateral security for its payment. Aside from the difficulty of administering that relief in this action we can find no authority to sustain the position. On payment of the amount remaining unpaid on the Ramsdell mortgage the plaintiff may compel an assignment of that security. (*Twombly* v. *Cassidy*, 82 N. Y., 155.) But the right of substitution or subrogation in equity to securities applies only to cases of suretyship, or where parties are pledged either personally or by incumbrances on their property for the debts of others. (*Barnes* v. *Mott*, 64 N. Y., 397.) The plaintiffs are not sureties, either personally or in virtue of their

ownership of any incumbered land, and are not therefore situated within the rule. This examination exhausts the question involved and we find no error.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Part of decree appealed from affirmed, with costs.