## BALLIETT *v.* SEELEY *et al.*[1]

(*Circuit Court, N. D. New York.* March 19, 1888.)

BANKRUPTCY—FRAUDULENT TRANSACTION—PURCHASE BY WRONG-DOER FROM ASSIGNEE—EFFECT OF DISCHARGE.

B., as assignee in bankruptcy of D., obtained a judgment against D. and one S. for property fraudulently converted. S. was subsequently adjudged a bankrupt, and obtained a discharge from his debts. D. bought the judgment of the assignee in bankruptcy. *Held:* (1) That D. acquired the assignee's title to the judgment, and S. could not object that D. was a party to the fraud. (2) The judgment being for a debt created by fraud, the discharge of S. in bankruptcy did not affect it. (3) There being no contribution between wrong-doers, D. was entitled to collect the whole amount of S.

.(*Syllabus by the Court.*)

Appeal from district court.

[1] Reversing Balliett v. Dearborn, 27 Fed. Rep. 507.

In Bankruptcy. On motion for cancellation of judgment, or for perpetual stay of execution thereon. Reversing 27 Fed. Rep. 507, where the facts more fully appear.

*Henry M. Davis*, for appellant.

*Daniel McIntosh*, for respondent.

WALLACE, J. The order of the district court granting a perpetual stay of execution upon the judgment obtained against the defendants is, in effect, a final determination of the action, and is equivalent to a cancellation of the judgment. An appeal, therefore, properly lies in this court.

The judgment was for the value of property fraudulently transferred by Seeley and Davis with the purpose of defeating the title of the plaintiff as assignee in bankruptcy of Davis. Subsequently to the rendition of the judgment Seeley was adjudged a bankrupt, and in the course of the proceedings in bankruptcy obtained a discharge from his debts. Davis, the joint tort-feasor with Seeley, and his co-defendant in the action, purchased the judgment of Balliett, and caused the execution to be issued thereon against Seeley, which was stayed by the district court at the application of Seeley. It is entirely clear that, as the judgment debt was created by fraud in fact on the part of Seeley, as well as on the part of Davis, Seeley's discharge in bankruptcy did not affect the judgment. The decision of the learned district judge was placed upon the ground that Davis should not be permitted to collect a demand of Seeley which originated in the fraud of both, because he would thereby be enabled to profit by his own wrong. See *Balliett* v. *Dearborn*, 27 Fed. Rep. 507. This conclusion ignores the effect of the purchase by Davis of Balliett's title to the judgment. Balliett was entitled to enforce the judgment against Seeley and Davis, each or both; or, at his option, to sell it and realize upon it in that way. The vendee of personal property, including choses in action, acquires the title of the vendor, and any inquiry into his antecedent relations with the subject of the sale is wholly irrelevant in a case like the present. The judgment here being merely a chose in action, the purchaser took it subject to all equities existing at the time of the assignment in favor of the debtors or either of them against the assignor, but he acquired all the rights of the assignor. There are no exceptions to the rule that the purchaser acquires the title of the seller; on the other hand, he sometimes acquires a better title, as in the familiar instance of the purchase of commercial paper, or of chattels *bona fide* which the seller has acquired by deceit, and in the exceptional instances where as a *bona fide* purchaser he is not prejudiced by the notice of his assignor. *Bush* v. *Lathrop*, 22 N. Y. 535, 549; *Fort* v. *Burch*, 5 Denio, 187. In equity, as at law, the purchaser can stand upon the title of his vendor, and enforce his vendor's title against the equities of another, notwithstanding his knowledge of these equities at the time of his purchase; for otherwise the vendor might be deprived of selling his property for its full value. *Varick* v. *Briggs*, 6 Paige, 323, 329; *Jackson* v. *McChesney*, 7 Cow. 360; *Griffith* v. *Griffith*, 9 Paige, 315; *Boone* v. *Chiles*, 10

Pet. 177; 1 Story, Eq. Jur. § 409. If Seeley could insist that Davis is liable for contribution, the court would be justified in refusing to permit the latter to use its process for compelling Seeley to pay the whole judgment debt without offering to do equity. As there is no contribution between wrong-doers there is no foundation for such a claim. It must be held that Davis acquired what he bought, and succeeds to all the rights of Balliett to use the judgment against Seeley, including that of collecting it by an execution.

The order of the district court is therefore reversed.