(33 Misc. Rep. 715.)

### COLEMAN v. RYAN.

(Supreme Court, Special Term, New York County. January 29, 1901.)

1. PATENTS—ASSIGNMENTS—SECURITY.

Where various assignments of patents were made as collateral security for advances, one purchasing subsequent to such assignments took merely his assignor's equities, and was entitled only to the retransfer of such patents on payment of the sum advanced, with interest.

2. SAME—RECORDING—NOTICE.

Under Rev. St. U. S. § 4898, providing that all assignments of patents should be invalid as against subsequent purchasers for a valuable consideration without notice, unless such assignments were recorded within three months from the date thereof, one who took with knowledge of a prior transfer, and in payment of an antecedent debt, and advanced no new consideration, was not such a purchaser as was entitled to invalidate the prior transfer for failure to so record it.

3. EQUITY—RELIEF.

Under Code, § 1207, authorizing the court to permit the plaintiff to take any judgment consistent with the case made by the complaint, a relief consistent with the case as proved was warranted, though not in strict accordance with the relief demanded.

Suit in equity by Clarence W. Coleman against Thomas J. Ryan. Judgment for plaintiff.

Herbert H. Gibbs, for plaintiff.

Seward, Guthrie & Steele and Francis L. Wellman, for defendant.

McADAM, J. The suit is in equity to set aside various assignments of patents made by one Clyde J. Coleman to the defendant. Plaintiff sues as a transferee of said Clyde J. Coleman subsequent to the assignments to the defendant, so that the plaintiff practically represents only the equities his assignor may have retained in the patents. The transfer of the refrigerator patents by Clyde J. Coleman to the defendant, alleged in the third paragraph of the complaint to have been fraudulently fabricated by said defendant as of date November 28, 1899, was, upon the trial, admitted to have been executed by the alleged transferror, and to be a genuine document. The failure of the forgery charge takes away from the plaintiff much of his ground for equitable relief. The other alleged ground for relief

—i. e. that the various other patents were transferred to the defendant under an agreement by which he was to organize by a stated time a company capitalized at $500,000, for the purpose of owning, making, and using the alleged inventions, and upon the completion of the organization to pay to said Clyde J. Coleman $10,000 in cash and $100,000 of the capital stock of said corporation for said inventions—also fails, because the evidence does not sustain the allegation that any such agreement was ever made. On the contrary, the evidence shows and all the circumstances indicate that the various transfers made by the said Clyde J. Coleman to the defendant were given as security for advances made and to be made by defendant; that advances were in fact made on such understanding to the extent of $2,296.40, and expenses were incurred to the amount of $1,258.45 in endeavors to make said patents available, but, notwithstanding the expenditure of labor and money, the patents proved utter failures, not being able to accomplish any practicable result whatever, in consequence of which the defendant refused to advance or expend any more money on their account. No corporation could have been formed to work said alleged inventions because they were utter failures, and any attempt to float the stock of such a corporation would have been a fraud upon the public. Upon these facts the court decides that the plaintiff, under the transfer to him from Clyde J. Coleman, though subsequent to those executed to the defendant, succeeded to the rights and equities of said Clyde J. Coleman in the premises, and is entitled to have the various patents which were transferred to the defendant by the said Clyde J. Coleman retransferred to said plaintiff on the payment of said sum of $2,296.40 advanced as aforesaid, with the interest thereon, and that said plaintiff is entitled to no other or further relief. The plaintiff, although a transferee of the patent rights from Clyde J. Coleman subsequent to the transfer by the latter to the defendant, was not a purchaser or mortgagee for a valuable consideration without notice, within the meaning of section 4898, Rev. St. U. S., so as to invalidate the transfers to the defendant, because defendant's assignments were not recorded within three months from the date thereof, as provided by said section. This is so, for the plaintiff took with knowledge of the prior transfer and in payment of an antecedent debt for services, and advanced no new consideration on the faith of such transfer. De Lancey v. Stearns, 66 N. Y. 157; Westbrook v. Gleason, 79 N. Y., at page 28; Seymour v. McKinstry, 106 N. Y., at page 242, 12 N. E. 348, 14 N. E. 94; Howells v. Hettrick, 160 N. Y. 308, 54 N. E. 677. No tender was ever made to the defendant, and he has never been technically placed in default. The relief granted to the plaintiff is consistent with the case as proved, and therefore warranted upon equitable principles (Code, § 1207), though not in strict accordance with the relief demanded. No costs to either party.