GEORGE SCHAFER et al. *v.* JOHN REILLY, CATHARINE M. BUR-CHARD, Respondents, and ALFRED L. GRIFFIN, Appellant.

One who takes an assignment of a mortgage, takes it subject not only to any latent equities that exist in favor of the mortgagor, but also subject to the like equities in favor of third persons.

A mortgage executed for the purpose of raising money thereon for the mortgagor, and without any delivery to or consideration being paid therefor by the mortgagee, only has life and validity from the time of its assignment and delivery to an assignee for value; and this transaction cannot have a retroactive operation so as to give effect to the mortgage at an earlier day, to the prejudice of others having rights, legal or equitable, existing at that time. Nor can these rights be effected or destroyed by any act or representation of the mortgagor.

Accordingly *held*, that where such a mortgage was executed and recorded and subsequently negotiated, but before its assignment and delivery

another person acquired a lien upon the mortgaged premises, the latter lien had the priority; and this was so, although the assignee, before taking the assignment, required and obtained from the mortgagor an affidavit that the mortgagee advanced the whole sum of principal secured by the mortgage without abatement, and that there was no offset, defence or counter-claim thereto.

(Argued June 11, 1872; decided June 20, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, which order confirmed referee's report in proceedings instituted under rule seventy-seven of the Supreme Court, to ascertain and report the amount due to the respondent herein, or to any other person, which was a lien upon the surplus moneys arising upon a foreclosure sale, and to ascertain the priorities of the several liens thereon. The parties to the appeal are Catharine M. Burchard, respondent, and Alfred L. Griffin, appellant, who are contesting claimants to the surplus.

The surplus moneys are claimed by the respondent under and by virtue of a mortgage made by one John Reilly to Peter Reilly, bearing date March 29, 1870, acknowledged April 21, 1870, and recorded April 22, 1870, and which said mortgage was assigned to the respondent by said Peter Reilly, by assignment, dated August 26, 1870, and the execution thereof proved by subscribing witness, August 27, 1870, and recorded August 29, 1870.

Before taking said assignment the respondent required and obtained from the mortgagor an affidavit that Peter Reilly, the mortgagee, had advanced to him the whole amount of the principal thereof, without abatement, that the whole of said sum then remained unpaid, and that there was no offset, defence or counter-claim to any part thereof.

Said surplus, claimed by the appellant, under and by virtue of a mechanic's lien filed against the mortgagor in the office of the clerk of Kings county June 7, 1870, and on which a decree was entered in favor of said appellant January 12, 1871.

*Justus Palmer* for the appellants. No presumptions obtain, as to delivery of deed, where it is proved to have been in the hands of the grantor at a period subsequent to its date. (*Ellery* v. *Metcalf*, 1 Den., 323.) An acceptance is necessary to sufficient delivery. (*Jackson* v. *Phipps*, 12 Johnson, 418; 2 Abbott's Digest, 363.) Respondent takes the position of his assignor. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Davies* v. *Austin*, 1 Ves., 24; *Mason* v. *Lord*, 40 N. Y., 487; *Reeves* v. *Kenball*, id., 311; *Berdan* v. *Sedgwick*, 44 id., 626.) It is the duty of the court, upon foreclosure, to provide for the equitable distribution of the surplus. (*Mut. Life Ins. Co.* v. *Bowen*, 47 Barb., 618.) The validity of the liens of contesting claimants may be determined. (*Mut. Life Ins. Co.* v. *Bowen*, 47 Barb., 618; 8 Abbott's Digest, 302.) An execution creditor asserting a lien on mortgaged chattels may impeach the mortgage. (2 Hill, 522; *Mason* v. *Lord*, 40 N. Y., 488; *Berdan* v. *Sedgwick*, 44 id., 626; *Dort* v. *Bank of Utica*, 8 Paige, 639.)

*Isaac L. Miller* for the respondents. The rule that the assignor of a chose in action takes, subject to existing equities, does not extend to equities residuary in an unknown third person. (*Murray* v. *Lylburn*, 2 J. Ch., 441, 443; *James* v. *Morey*, 2 Cow., 297.) An assignee of a *bona fide* purchaser is not prejudiced by notice of his assignor. (*Bush* v. *Lathrop*, 22 N. Y., 549; see *Redfean* v. *Ferrier*, 1 Dow., 50; *Bush* v. *Lathrop*, 22 N. Y., 548, 549; *Jackson* v. *Henry*, 10 John., 185; *Jackson* v. *Van Valkenburgh*, 8 Cow., 260; *Varick* v. *Briggs*, 6 Paige, 323; *Fort* v. *Burch*, 5 Denio, 187; *Trustees Union Col.* v. *Wheeler*, 59 Barb., 585.)

ALLEN, J. The parties to this appeal are contesting claimants to the surplus moneys arising from the sale of mortgaged premises under a judgment of foreclosure, upon which both had liens, and the only question is as to the priority of the respective claims.

The appellant, Griffin, claims as a lienor under chapter 335

of the Laws of 1853, giving to mechanics and others erecting buildings, performing work or furnishing materials therefor in the county of Kings, the right to a lien on the building and appurtenances, and upon the land on which the same shall stand, for the value of such labor and materials. The lien was perfected by filing the notice required by law in the office of the county clerk, on the 7th of June, 1870, and judgment was given thereon on the 12th of January, 1871. Neither the notice filed with the clerk of the county or the judgment roll in the action brought to enforce the lien appear in the record, but the referee has found the facts as stated, and no objection appears to have been taken upon the hearing to the validity of the lien or the regularity of the proceedings to assert it.

It is now claimed, upon a single expression in the testimony of the appellant, Griffin, that there could have been no lien under the statute. But it evidently was not the subject of contest upon the reference. The appellant was not examined as to the foundation of his claim, the statement and notice by which the lien was attempted to be created is not before us, and there is not enough in the record to enable us to pronounce understandingly upon the question now for the first time made. It must be assumed that a lien was created, valid in law, on the mortgaged premises on the 7th of June, 1870, in favor of the appellant, as found by the referee.

The respondent, Mrs. Burchard, claims as mortgagee, or rather as the assignee of a mortgage, in virtue of a mortgage by the owner of the premises, bearing date March 29, 1870, acknowledged April 21, recorded April 22, and assigned to the respondent August 27, of the same year. The mortgage bears date and was recorded anterior to Griffin's lien, but Mrs. Burchard acquired the title to it on a day subsequent to the creation of the lien.

The mortgagee named in the mortgage was one Peter Reilly, the father of the mortgagor, who never had possession of or title to it, and there was no consideration for the mortgage as between the mortgagor and mortgagee. The mort-

gage was made for the purpose of raising money thereon for the mortgagor and was assigned to Mrs. Burchard for that purpose, the mortgagor receiving the money paid therefor by Mrs. Burchard. The referee has found from the facts that the mortgage was recorded, and that the nominal mortgagee was made acquainted with the contents of the assignment when he executed the same, and that before taking the assignment Mrs. Burchard required and obtained from the mortgagor an affidavit (untrue in fact) that the mortgage was a valid security for the whole amount secured by it, and that the money was advanced by the mortgagee for it; and as a conclusion of law, that the bond and mortgage were delivered to the mortgagee before the purchase thereof by Mrs. Burchard. The fact of delivery at any time to the mortgagee was not found, but the reverse was clearly proved, and there was no attempt to prove that the mortgage was valid as security in favor of the mortgagee, or that any lien ever existed under it in his behalf. The mortgagor was by his representations estopped from disputing the validity of the mortgage in the hands of Mrs. Burchard.

As against him, Mrs. Burchard's rights were perfect. But the rights of Griffin and his lien could not be affected or destroyed by any act or representation of Reilly done or made after the lien was of record. He was no more affected by the acts of Reilly which would operate as estoppels *in pais* against him, than he would have been by an other act or deed of the same person. (*Berdan* v. *Sedgwick*, 44 N. Y., 626.)

The mortgagee never had at any time a lien upon the mortgaged premises, either as against the mortgagor or any other person claiming a lien thereon. He never had a claim that could have been enforced adversely to any one, and could have made no claim to the surplus moneys in controversy.

The lien of Griffin upon the premises was superior in law and in equity to any claim the mortgagee could have made under the mortgage.

Whatever vitality the mortgage has is by reason of the purchase of it by and the assignment to Mrs. Burchard.

As a security for any amount, or a lien for any purpose, it only has life and validity from that time, and that transaction cannot upon any principle have a retroactive operation so as to give effect to the mortgage at an earlier day to the prejudice of others having vested rights.

Legal and equitable rights of others, existing before and at the time, cannot be displaced or superseded by that transaction.

A mortgage or grant only takes effect from the time of delivery. (1 R. S., 738, § 138.) This mortgage first took effect by delivery upon the assignment to Mrs. Burchard. The fact that she was defrauded cannot affect the legal and actual condition of the mortgage as against third persons having legal and equitable claims upon or title to the mortgaged premises.

It is well settled that a seller or assignor of chattels or choses in action can give no other or better title than he himself has, and that the purchaser or assignee must be content to stand in his place and to accept his title. There are certain recognized exceptions to the rule, adopted from motives of public policy, either to promote the negotiability of commercial instruments or to prevent fraud, but this case is not within any of the exceptions.

A mortgage is not negotiable, and it is not pretended that Griffin, the appellant, is estopped by any act or representation, or that he is for any reason in a situation in which it would be a fraud or contrary to equity or good conscience for him to assert his rights as against the respondent, Mrs. Burchard.

One who takes an assignment of a bond and mortgage, as did Mrs. Burchard in this instance, takes it subject not only to any latent equities that exist in favor of the mortgagor, but also subject to the like equities in favor of third persons and strangers.

Mrs. Burchard has taken especial care to foreclose all equities of the mortgagor, and should he attempt a defence to the mortgage, he would be precluded under one of the exceptions

to the rule restricting the title which an assignee may acquire to the actual title of the assignee, adopted for the prevention of fraud. (*McNiel* v. *Tenth National Bank,* 46 N. Y., 325.) Eminent judges have pronounced in favor of a rule which would only subject the purchasers of choses in action to the equities of the debtors, and which would give them rights as they apparently exist against third persons, but these views have not prevailed. *Bush* v. *Lathrop* ( 22 N. Y., 535), may be regarded as putting the question at rest in this State, and the decision well supported by the opinion of Judge DENIO, in which he reviews the cases bearing upon the question, and the dicta of the many judges who have alluded to the subject, commends itself as a just exposition of the law, as well upon principle as upon authority. He adopts the rule as expressed by Lord THURLOW, in *Davis* v. *Austin* (1 Ves., 247), "a purchaser of a chose in action must always abide by the case of the person from whom he buys."

This court applied the rule in the case cited, to one who had purchased a mortgage from an assignee under an assignment absolute in terms, but which was in fact made as a security for a smaller amount and in favor of the assignor, giving him the benefit of the latent equity existing in his favor resulting from the agreement between him and his immediate assignee, and of which the purchaser from him was entirely ignorant. The case has been repeatedly cited with approval, and full effect given to the principles there enunciated. (*Sheldon* v. *Edwards,* 35 N. Y., 279; *Thompson* v. *Van Vechten,* 27 id., 568; *Reeves* v. *Kimball,* 40 id., 299; *Ballard* v. *Burgett,* id., 314; *Mason* v. *Lord,* id., 476.) In the cases cited the rule was applied in cases circumstantially different, but all coming within the same general principle, and in all respect was had to latent equities of third persons and their equitable rights to property and to choses in action were protected as against the purchasers from those who had an apparent title and right to transfer, there being no fraud or culpable negligence on the part of the equitable claimant which could operate as an estoppel. See also *McNiel* v. *Tenth National*

*Bank* (*supra*), in which the cases are referred to and considered. There is no question here under the recording acts or in respect to a title originating in fraud. Doubtless a *bona fide* purchaser from one who has obtained a conveyance fraudulently, may, under some circumstances, hold as against the rightful owner, or a creditor, and a *bona fide* grantee, without notice of a prior unregistered deed, may hold, although his grantor may have taken title with full knowledge of such deed. Such are some of the cases cited and relied upon by the respondent. (*Jackson* v. *Van Valkenburgh*, 8 Cowen, 260; *Jackson* v. *Henry*, 10 J. R., 185; *Varick* v. *Briggs*, 6 Paige, 323; *Fort* v. *Burch*, 5 Den., 187.) The appellant Griffin had, prior to the legal existence of the mortgage of Mrs. Burchard as a security, acquired a legal lien upon the mortgaged premises, valid at law and in equity against the owner, and it was necessarily equally valid against any one who should subsequently acquire title from the owner. There was nothing to be done, to give publicity to the lien, that was *not* done, and no laches or fraud is chargeable upon the lienor in respect to it. Mrs. Burchard did subsequently acquire title to a mortgage upon the same premises, which she supposed had precedence and priority to Griffin's lien, or rather supposed was a valid security from its date, which was anterior to the lien of Griffin. But she was deceived and defrauded by those with whom she dealt, and without any fault of Griffin or act on his part conducing to the fraud or mistake. The delivery of the mortgage did not give it effect by relation as of the time of recording. She, in fact, acquired a lien by mortgage subsequent in point of time to Griffin's lien. Both liens were valid in law and in equity, and there was no equity in one over the other.

It follows that the maxim *qui prior est tempore, potior est jure*, must prevail. The appellant has the older and therefore the better title to the surplus moneys in controversy. He cannot be deprived of his lien by the fraud practiced upon the respondent. She took but the title which the mortgagee could by an assignment of the mortgage give, and that was to

a mortgage taking effect by delivery at that time, and of course subject to all prior liens and existing equities of others.

The order of the General and Special Terms must be reversed, and an order granted directing the surplus moneys to be paid to the appellant, Griffin.

Church, Ch. J., Peckham and Rapallo, JJ., concur.

Grover, J., concurs in result.

Folger, J., does not vote.

Ordered accordingly.