MARTIN H. CADY, Appellant, v. GEORGE H. JEN-
NINGS and SARAH M. JENNINGS, Respondents.

*Bond and mortgage — when void for want of consideration.*

A bond and mortgage executed, with the name of the mortgagee in blank, was
delivered to Bancroft, to raise money for a company with which the mortgagor
was connected. Bancroft, having theretofore received money belonging to
plaintiff, sent to him a worthless check of the company for the amount, and
then, having told him that the check would not be paid, induced him to take
the bond and mortgage therefor.

In an action to foreclose the mortgage, *held*, that the mortgage was wholly with-
out consideration as to the mortgagor, and that he was entitled to avail himself
of that defence.

APPEAL from a judgment in favor of the defendants, entered
upon the report of a referee. The action was brought to foreclose
a mortgage.

*William R. Lynch* and *John A. Taylor*, for the appellant.
Bancroft, being in possession of the instrument by authority of
the mortgagor, for the express purpose of getting in his hands the
amount expressed on its face, $7,000 — authority to fill in the
blanks, or to do any other act requisite to give validity to the
instrument, in furtherance of this general purpose, will be implied.
(*Van Etta* v. *Evenson*, 28 Wis., 33; 9 Am., 486; *Field* v. *Stagg*,
52 Mo., 534; 14 Am., 435; *Hatch* v. *Taylor*, 10 N. H., 538;
*Inhabitants of South Berwick* v. *Huntress*, 53 Me., 39; *Gibbs* v.
*Frost*, 4 Ala. [N. S.], 720; *Bank* v. *Hammond*, 7 Rich., 287;
*Goundin* v. *Commander*, 6 id., 497; *Duncom* v. *Hodges*, 4 McC.,
239.) But, whether the instruments are valid or not, Jennings
is estopped from setting up their invalidity against a *bona fide*
holder. (*Texira* v. *Evans*, 1 Anstruther's Repts., 228; approved
in *Woolley* v. *Constant*, 4 Johns., 54; *Chauncey* v. *Arnold*, 24
N. Y., 338; *Bank of Buffalo* v. *Cartwright*, 22 Wend., 365;
*Knapp* v. *Waltby*, 13 Wend., 587; *McNeill* v. *Tenth Nat. Bank
Brooklyn*, 46 N. Y., 325; *Moore* v. *Metropolitan Bank*, 55 id.,
41; *Drury* v. *Foster*, 2 Wall., 33; *Hemmenway* v. *Muloch Daily
Register*, Sept. 23, 1878; Judge LAWRENCE's opinion.) Defend-

ants having placed in the power of their agent an instrument so far executed as to become dangerous as indicia of authority in his hands, to obtain the surrender of the Biddle check for $7,000, the case involves that elementary principle of equity that, when one of two innocent persons must suffer, he should suffer who has contributed to the injury. (*White* v. *Vermont and Mass. R. R. Co.*, 21 How., 578; *Garrard* v. *Haddon*, 67 Penn., 82; *Ash* v. *Putnam*, 1 Hill, 307.) By his negligent execution of this mortgage, he has enabled Bancroft to mislead plaintiff, and he, and not plaintiff, must bear the loss. (Chitty on Bills, 262–425; Byles on Bills, 323; *Montague* v. *Perkins*, 22 Eng. L. & Eq., 516; *Griggs* v. *Hove*, 31 Barb., 100.)

*Rufus B. Cowing*, for the respondents.

GILBERT, J. :

The bond and mortgage were made and delivered in blank to one Bancroft, for the purpose of raising money for the use of a manufacturing company with which the mortgagor was connected. That purpose was not accomplished. Neither the mortgagor nor the company received any sum on account of the mortgage. But Bancroft, having received $7,000 belonging to the plaintiff, which it was his duty to remit immediately, sent him a worthless check of said company, ostensibly for the purpose of making such remittance ; and, on the same day the check was received, Bancroft informed the plaintiff that the check would not be paid, and induced him to take said bond and mortgage in lieu thereof. The name of the plaintiff was inserted therein as obligee and mortgagee, and the instruments were then delivered by Bancroft to the plaintiff.

Assuming that Bancroft had authority to fill up the blanks in the instruments, they were utterly without consideration. The mortgagor received nothing for them from Bancroft, nor from the plaintiff. The plaintiff had no right to assume that Bancroft was authorized to deliver them to him in behalf of the mortgagor under any circumstances, and especially without obtaining the amount thereof in cash, but was bound to inquire of the mortgagor respecting Bancroft's authority, and the means whereby he

acquired possession of the instruments. A payment of the full amount thereof to Bancroft, without the sanction of the mortgagor, would not create a valid consideration for them. A *fortiori* the delivery of a worthless check to Bancroft did not have that effect.

The bond and mortgage being without consideration, and never having had a legal inception, and the mortgagor having done nothing to disable him from setting up that defence, the judgment should be affirmed, with costs. (*Schafer* v. *Reilley*, 50 N. Y., 61.)

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.