such notice as should be prescribed. There is nothing in the supreme court rule 44 to prevent it. By that rule it is provided that a case on a *certiorari* may be brought to a hearing " upon the usual notice of argument at special term." It is claimed that this rule has the force of a statute, and that the notice of the argument must, therefore, be of eight days. But the rule is binding only as it is consistent with the Code (*sec.* 17), and, as we have seen, the power to shorten notice is conferred by that statute.

There was, then, no violation of the provisions of any statute or unlawful exercise of jurisdiction by the justice holding the special term named in the order, nor would he have transgressed by entertaining further proceedings pursuant to the order to show cause.

I can discover no ground upon which the order appealed from can stand and think it should be reversed.

All concur.

---

## SUPREME COURT.

The Mechanics and Traders' National Bank agt. The Mayor, &c., of New York and others.

*Contract for regulating and grading street — Proviso in reference to liens — Claim of plaintiff under assignment — Lienors to be first paid.*

Where a contract was made between one G. and the city of New York for regulating, &c., Eleventh avenue, and there was inserted in the contract a provision that the contractor should satisfy all liens for work or materials, filed with the commissioner of public works before or within ten days after the completion of the work, otherwise the city should be entitled to retain from any money due the said contractor a sufficient amount to satisfy such claims until the liabilities aforesaid shall be fully discharged, or such notice withdrawn; the plaintiff claims all the funds by *assignment of moneys due and to grow due*; the defendants R. and B. claim portions by equitable assignments or orders, other defendants claim by liens under the contract:

*Held,* that those lienors who filed their claims in accordance with the terms of the contract are entitled to be paid in the order in which the claims

were filed, and the plaintiffs and such defendants as claim by assignment are not entitled to any interest in the funds in the hands of the city until such liens are satisfied.

The plaintiff, as the assignee of G., took the contract subject to all the equities existing between him and parties doing work and furnishing materials under the contract, or which, under the terms of the contract, lienors might enforce against him.

*Special Term, December,* 1879.

THIS is a contest between different claimants for a sum of money admitted by the city to be due on a contract for regulating, &c., Eleventh avenue, made by the defendant, Michael Gavin, November 1, 1875.

There is no contest as to the amount, the city conceding that there is due the sum of $12,178, with interest from January 19, 1878.

There are three kinds of claims :

1st. The bank claims, by assignment of moneys due and to grow due, all the funds.

2d. The defendants, Jeremiah P. Russell and David S. Babcock, claim portions by equitable assignments or orders.

3d. The defendants, the Bigelow Blue Stone Company and Hazard Powder Company, and other defendants, by liens under the clause in the contract.

The city claims, under the contract, that it has a right to retain the moneys to meet the claims of the lienors, and is willing to pay those who have complied with the agreement.

The liens were acquired under the following clause in the contract :

"And the said party of the second part hereby further agrees that he will furnish said commissioner with satisfactory evidence that all persons who have done work or furnished materials under this agreement, and who may have given written notice to the said commissioner, before or within ten days after the completion of the work aforesaid, that any balance for such work or materials is still due and unpaid, have been fully paid or secured such balance.

"And in case such evidence be not furnished as aforesaid, such amount as may be necessary to meet the claims of the persons aforesaid shall be retained from any moneys due the said party of the second part, under this agreement, until the liabilities aforesaid shall be fully discharged, or such notice withdrawn."

*John H. Strahan*, for plaintiff.

*Laflin Kellogg*, for defendants, Bigelow Blue Stone Company and Hazard Powder Company.

LAWRENCE, *J.* — Many of the questions which were elaborately discussed on the summing up of this case I do not deem it necessary for me to consider for the reason that, whether the ordinance referred to by counsel is valid or invalid, it was quite competent for the contractor and the city, as between themselves, to insert in the contract the provision in reference to liens. No creditor of the contractor who claims under the contract can have any greater rights than Gavin himself had under the contract. It was the intention of Gavin, and of the corporation of the city, that those who had done work and furnished materials in and about the performance of the contract should be protected, and I am, therefore, of the opinion that those lienors who filed their claims in accordance with the terms of the contract were entitled to be paid in the order in which the claims were filed, and that the plaintiffs in this action are not entitled to any interest in the funds in the hands of the city until such liens are satisfied.

In this view the claim of Huber & Co. should be directed to be paid first, if it were not for the fact that the assignee of that firm is not a party to the action and has never taken any steps to enforce the lien. I cannot, however, cut him off from his rights until he has had an opportunity of being heard, and the proper disposition of his claim seems to be to reserve the fund until the assignee can be heard. The claims

of the Hazard Powder Company, of the Bigelow Blue Stone Company and of Michael Sheridan are all for materials furnished or for work done in the performance of the contract and should be paid before the plaintiffs. The plaintiffs concede that the sum of $769.35, which has already been paid by the city, was properly paid, and, as against them, that amount should be allowed. The claims above referred to, with the interest thereon, more than exhaust the fund. I have looked at the various authorities referred to by counsel and find nothing in them which seems to me to conflict with the conclusions which I have arrived at in respect to this case.

The bank, as the assignee of Gavin, took the contract subject to all the equities existing between him and parties doing work or furnishing materials under the contract, or which, under the terms of the contract, lienors might enforce against him, Gavin (*Greene* agt. *Warnock*, 64 *N. Y.*, 220; *Schaefer* agt. *Reilly*, 50 *N. Y.*, 61).

The claims of Babcock and Russell were not for work performed and materials furnished in the execution of the contract, nor do they appear to have been filed with the comptroller or commissioner of public works as provided by the contract. They are not, therefore, within the protection of the contract, and they have no greater rights, as assignees, against the lienors above referred to than Gavin had or the plaintiffs have. As no evidence has been furnished that the persons who have filed liens have been paid there seems to be no objection, as all the parties are before the court except the assignee of Huber & Co., to the court's decreeing that the moneys in the hands of the mayor, &c., of New York be paid, after deducting and reserving the amount due to Huber & Co., to the different lienors, in the order of their priority as above determined. The plaintiffs and the prevailing defendants are entitled to their costs, to be paid out of the fund.

Findings may be settled on five days' notice before me at the January special term.