WILLIAM DEYERMAND, EXECUTOR, &c., OF SAMUEL ROBINSON, DECEASED, RESPONDENT, *v.* HENRY CHAMBERLIN, APPELLANT, IMPLEADED WITH OTHERS.

*Assumption of a mortgage by a grantee of land—when the grantee receives the title, only to transfer it to another, he is not liable under such a clause in the deed.*

One Mandeville, being the owner of certain real property, requested the defendant Chamberlain to hold the title thereto for a few days, for his accom-

modation, promising to hold him harmless. Chamberlin having con-sented to do so, Mandeville and his wife conveyed the property to him, and the same was two days thereafter by him conveyed, at Mandeville's request, to one Sarah E. Mandeville. The deed to Chamberlin contained a clause by which he assumed and agreed to pay two mortgages upon the property. The deed was recorded by Mandeville's attorney, and Chamberlin never saw it nor did he know that it contained the said clause until more than ten years after it was executed. He paid nothing upon receiving, and received nothing upon giving the deed.

In an action by the plaintiff to foreclose one of the mortgages so assumed by Chamberlin, which had been purchased from the mortgagee after the deed to Chamberlin had been recorded, *held*, that as Chamberlin had never agreed to assume or pay the said mortgage, no liability was imposed upon him by the insertion of the said clause in the deed, and that no personal judgment for a deficiency could be entered against him.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to foreclose a mortgage for $1,500, given by John I. Mandeville to Joseph Husson, as collateral to his bond for the same amount. The mortgage was dated July 1, 1868. On April 9, 1869, Husson assigned the bond and mortgage to one Margaret Robinson, and thereafter the title thereto became vested in the plaintiff.

The plaintiff sought to recover a personal judgment against the defendant Chamberlin, a subsequent grantee of the premises, for any deficiency that might arise on the sale, under a covenant contained in the deed to him, by which he assumed and agreed to pay the same, together with a prior mortgage for $6,000.

With reference to this covenant, the justice before whom the action was tried found as follows :

" Shortly before the execution of the deed from John I. Mande-ville to Chamberlin, stated in the complaint, Mandeville requested him to let the title pass through his hands and to hold the title for a few days for Mandeville's accommodation, promising to hold him harmless, to which Chamberlin assented. Chamberlin did not agree to assume any mortgage, except by taking the deed. There was no other or different agreement between Chamberlin and Mandeville as to the property or deeds. Shortly after, on or about January 12, 1869, John I. Mandeville and wife signed and acknowl-

edged the deed to Chamberlin, stated in the complaint, containing a provision that Chamberlin should assume and pay the plaintiff's mortgage. Chamberlin never saw said deed, and did not know that it contained the mortgage assumption clause, until February, 1879. Said deed was recorded by Culver & Wright, attorneys, by Mandeville's direction, February 10, 1869. After record he received it back from them, and it has been ever since in his possession down to trial. Chamberlin did not know of the record of said deed. He neither paid nor received anything for either deed. On or about February 12, 1869, Mandeville went with a notary to Chamberlin's house, and presented for execution the deed to Mrs. Mandeville, stated in the complaint, which Chamberlin and his wife then executed and delivered to Mr. Mandeville. Chamberlin did not read the deed to Mrs. Mandeville, but signed it upon Mr. Mandeville's presentment. The conveyance to Mrs. Mandeville was in payment of a debt from John I. Mandeville's firm to her. Chamberlin never before had any real estate transactions; never owned any real estate; did not know the property in question, or its value, or whether any mortgage was on it, nor did he know Mrs. Mandeville. He was brother-in-law to John I. Mandeville."

From a judgment entered against the defendant Chamberlin, for a deficiency arising on the sale, this appeal was taken.

*Addison Brown,* for the appellant.

*D. P. Barnard,* for the respondent.

DYKMAN, J.:

This action is for the foreclosure of a mortgage, and in it a judgment has been entered against the defendant Chamberlin, personally, for a deficiency, on a claim that he assumed the payment of the mortgage. He has appealed from that judgment, and we have now to determine whether the claim against him is well founded. There exists a difference of opinion respecting the principle upon which the liability of a promisor rests for the payment of an incumbrance mentioned in the assumption clause of a deed of conveyance which he accepts, but all agree that it rests either upon the

doctrine of agency or of trusts. If on the former, the promisor is regarded as the agent of the person for whose benefit the promise is made, and if on the latter, the promisor is regarded as receiving money or other property for the third party. In either case a promise or undertaking is a necessary prerequisite to any personal liability. Without an agreement to assume the payment of a mortgage named in a conveyance, no right of action against the grantee, personally, inures to the holder. Therefore, without the meeting of the minds of the grantor and grantee in such an agreement, there can be no personal liability. All such responsibility rests upon contract.

In this case the uncontradicted testimony shows that the defendant Chamberlin consented to take the title of the property in question from John I. Mandeville, for the purpose of passing it, by conveyance, to Sarah E. Mandeville, the aunt of John I. Mandeville. A deed was made out and executed to Chamberlin by John I. Mandeville and wife, containing a clause by which Chamberlin was made to assume the payment of two mortgages on this same property, aggregating the sum of $9,000 in amount, one of them being the mortgage foreclosed by this action. This deed was placed on record by Mandeville's lawyer, and was not seen by Chamberlin until a long time after its execution. It never was delivered to him, and he did not know that it contained the assumption clause, and never assented thereto in any way. He did not purchase the property, and did not sign the deed. He never owned the property, and only took the mere naked title for the purpose of passing it to Sarah E. Mandeville, which he did by the execution and delivery of a deed therefor, a few days thereafter, without receiving any consideration therefor. He derived no personal benefit from the transaction, but consented to take the naked title and transfer it to the aunt of his grantor, for his accommodation, in payment of a debt due to her from his firm. It is entirely clear, therefore, that the assumption clause in the deed to Chamberlin never received his assent. He made no preliminary agreement for the payment of the mortgages, and never consented to the deed as it was drawn.

No principle, enunciated in any of the numerous decisions in our

courts on this subject, will secure the personal liability of the appellant Chamberlin. On the contrary, the doctrine of all the cases is, that there must be a contract by the party sought to be charged. In the celebrated case of *Garnsey* v. *Rogers* (47 N. Y., 240), Judge RAPALLO, in speaking of the promise of which a third person could enforce the performance, says : "To entitle him to an action, the contract must have been made for his benefit. He must be the party intended to be benefited." In the case of *Vrooman* v. *Turner* (69 N. Y., 284), Judge ALLEN, speaking of the rights of the third party claiming the benefit of an undertaking, says : "A legal obligation or duty of the promisee to him will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise, the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promisor."

The old idea was, that the ground of liability was that of equitable subrogation or substitution of the creditor, to all securities held by his creditor, the surety of the principal debtor, which the grantee became on agreeing to assume the payment of the debts, and this idea has never been repudiated. If, therefore, there be no assumption, and consequently no security, there remains nothing to which the creditor can be substituted.

As no person can be deprived of his property without due process of law, so there can be no personal liability imposed upon a party without his agreement, express or implied.

As there was no such agreement by the appellant, the judgment against him is erroneous.

The plaintiff occupies the position of an assignee of the mortgage foreclosed, and must abide by all the equities existing in relation thereto. (*Schafer* v. *Reilly*, 50 N. Y., 61.).

The judgment appealed from must be reversed, with costs.

GILBERT, J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order appealed from, so far as it decrees Chamberlin

liable for deficiency, reversed, and new trial granted, with costs to abide the event.