(65 App. Div. 371.)

GRISWOLD v. CALDWELL et al.

(Supreme Court, Appellate Division, First Department. November 22, 1901.)

1. WILLS—POWER TO SELL PROPERTY—MORTGAGES.
     A power in a will to sell to change investment does not include power to mortgage the property described.

2. SAME—ASSIGNEE OF MORTGAGE—TITLE.
     Testator's will provided that certain trust property should not be sold unless on written consent of a life tenant, and that the trustee should invest and keep invested the proceeds thereof on good security, and hold the same upon the trust thereinbefore provided. The trustee conveyed the property, by the life tenant's consent, to a party who mortgaged the same to another, both instruments being without consideration. Thereafter the premises were reconveyed to the trustee. There was never any change in the possession of the premises. The mortgagee sold the mortgage to the plaintiff. *Held*, that the trustee had no authority to confer an apparent title on any one, except on an actual sale for value, so that plaintiff took the mortgage subject to all equities.

Appeal from special term, New York county.

Action by Maud A. Griswold against Meta J. B. Caldwell and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

F. Bien, for appellants.
M. A. Vosburgh, for respondent.

PATTERSON, J. This appeal is from a judgment in favor of the plaintiff in an action brought to foreclose a mortgage. The complaint is in the ordinary form appropriate to such actions. The mortgage sought to be foreclosed was made by one Calvin C. Church, and was collateral to his personal bond. The mortgagee was one Charles D. Rust. The premises affected by the mortgage are a lot of land, with the buildings thereon, situate at the southwesterly corner of Jane and Hudson streets, in the borough of Manhattan in the city of New York. The mortgage is dated the 1st day of July, 1891, and is for the sum of $3,500. The parties defendant to the action are Meta J. B. Caldwell (formerly Meta J. B. Johnson) individually and as trustee under the last will and testament of Stacy Pitcher, deceased, and her husband, Charles D. Rust (the mortgagee), certain persons supposed to have some claim or interest in or lien upon the mortgaged premises, including Helen M. Graham, Laura Margaret Graham, William S. Le Mon, George F. Le Mon, and Mabel Antonia Hautmann. The defendants last named answered in the action, and set up as a separate defense that at the time of the making of the bond and mortgage set forth in the complaint the legal title to the premises described therein was in Meta J. B. Caldwell as sole surviving trustee of a trust created by a codicil to the last will and testament of Stacy Pitcher, deceased; that by the terms of such codicil none of the real estate forming a portion of such trust could be sold unless on the written consent of Maria A. Le Mon, who had a life estate in the trust fund, and that the funds realized upon such a sale were (according to the terms of the codicil) to be invested and held upon the same trusts and conditions as the property sold was held; that on the 16th of June, 1891, the premises described in the complaint were, after written consent of Maria A. Le Mon had and obtained, conveyed to one Calvin C. Church by deed dated June 16, 1891; that the consideration expressed in said deed was nominal, namely, $1; that said Church paid no sum whatever as consideration for the conveyance, nor was the property conveyed to him by said Meta J. B. Caldwell for any consideration, valuable or otherwise; that on or about the 1st of July, 1891, Calvin C. Church made, executed, and delivered to the defendant Charles D. Rust his bond conditioned for the payment of the sum of $3,500, which is the same bond mentioned in the complaint; and he executed and delivered a mortgage on the premises in said complaint described as collateral security for the payment of said sum of $3,500, which is the same mortgage as that men-

tioned in the complaint, but that no sum whatever was advanced by Rust or given to or furnished by Rust, and that he did not advance, give, or furnish to Church any amount whatsoever. They further set up in their answer that the mortgage was without consideration to Rust; that he did not receive any funds furnished by the plaintiff, but that what money was paid upon the assignment of the mortgage from Rust to the plaintiff was paid to the defendant Meta J. B. Caldwell as trustee of the trust fund above referred to, and the fund so furnished was money of the plaintiff. They further allege that thereafter the premises described in the complaint were reconveyed by Church to Meta J. B. Caldwell as trustee, without consideration, and subject to all liens, and that the deed was recorded in the office of the register of the city and county of New York; and that from the time of the conveyance from Caldwell to Church to the time of his conveyance back to Caldwell as trustee (a period of over seven months) the trustee was in actual possession of the premises, collecting and receiving the rents, and that Church never was at any time in possession, nor did he receive or collect the rents thereof, and was not the owner of the same; and they aver that the whole of the transaction was a scheme and device to mortgage the premises described in the complaint in contravention of the provisions of the codicil to the last will and testament of Stacy Pitcher, in order to furnish money to Maria A. Le Mon, and to subvert the provisions of the codicil, of all of which the plaintiff herein had notice. Another defense is set up, but it is unnecessary, in the view we take of this case, to refer specifically to it. The defendant Meta J. B. Caldwell also answered the complaint, and set up in her answer substantially the same defense as that above stated and as presented by the answer of Helen M. Graham and others. On the trial it appeared in evidence that Mrs. Griswold, the plaintiff, actually bought from Rust, and paid him for, the mortgage sought to be foreclosed. She took no personal part in the transaction, but it was conducted on her behalf by her husband. The court at special term, in deciding the case, held that the plaintiff was a bona fide purchaser of the mortgage, and as such was entitled to enforce it, placing that decision upon the ground that, "if the defendant Caldwell were precluded from mortgaging the property in question under the terms of Stacy Pitcher's will, the plaintiff had no knowledge of the fact, and is therefore entitled to enforce the payment of the mortgage as a bona fide purchaser." Simpson v. Del Hoyo, 94 N. Y. 189; Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; and some special term cases.

There is lacking in the record precise proof of the manner in which the real estate covered by this mortgage came within the operation of the trust created by the codicil to Stacy Pitcher's will, but the justice at special term decided that the conveyance by Meta J. B. Caldwell, as trustee, to Church was made by virtue of a power of sale contained in the will and codicil of Stacy Pitcher, upon the request in writing of Maria A. Le Mon, the cestui que trust; and the mortgage was held to be enforceable because the plaintiff had no knowledge of any limitation imposed by any trust condition upon the authority of the trustee to convey the premises to Church. The evidence adduced at

the trial conclusively establishes that the conveyance to Church was in fraud of the trust. The power of sale contained in the codicil is one which authorized a sale only for the purposes of changing investment, and it necessarily contemplated and required that there should be a valuable consideration received for any conveyance that might be made pursuant to the power. The provisions of the codicil do not authorize the trustee to mortgage any part of the testator's estate. The power to sell to change investment cannot include a power to mortgage, and the evidence shows that the premises were conveyed to Church as part of a scheme to raise money by way of mortgage, in violation of the terms of the trust and the plain duty of the trustee in the administration of the trust estate. The evidence shows that Mrs. Caldwell, the trustee, applied to the defendant Rust, a lawyer, to aid her to obtain a loan upon the security of the mortgaged premises; that Rust procured Church to take the title; that the premises were conveyed to Church, who paid no consideration whatever for the deed to him; that he made a mortgage to Rust, who gave nothing for it; and thus the way was prepared to put Rust in the apparent position of a holder of an incumbrance made by a mortgagor, beyond whose ostensible title and ownership a bona fide purchaser would not be required to look. The authorities cited in support of the decision of the learned judge at special term unquestionably hold that, as against a purchaser in good faith, and for value, of a mortgage upon land, executed by one in possession of and holding the legal title to the land, the grantor is estopped from claiming that his deed was induced by fraud on the part of the mortgagor. The question here is not as to the purchaser of the mortgage taking subject to equities of the mortgagor, but taking subject to the equities of third parties as against the mortgagor; but, as a general rule, one who takes an assignment of a mortgage takes it not only subject to such equities as exist in favor of the mortgagor, but also subject to equities in favor of third parties. Schafer v. Reilly, 50 N. Y. 61; Greene v. Warnick, 64 N. Y. 225; Trustees v. Wheeler, 61 N. Y. 88. While a bona fide purchaser for value is protected against those equities under certain circumstances, that protection is afforded on the ground of estoppel. Simpson v. Del Hoyo, 94 N. Y. 189, is a case of that character, as is also Rose v. Hatch, 125 N. Y. 527, 26 N. E. 467. In Hill v. Hoole, 116 N. Y. 299, 22 N. E. 547, 5 L. R. A. 620, the rule is stated to be that the assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor at the time of the assignment; but there is in that case a statement of the reason why a bona fide purchaser from the mortgagee need not look beyond the equities of the mortgagor, and it is that the disability within the rule referred to arises out of an estoppel of the person who has vested the apparent title to property in another, who has transferred it, or given a mortgage upon it, to a party taking it upon the faith of such apparent title. In such a case the mortgagee or his or any assignee is not required to extend his inquiry back beyond the mortgagor to ascertain whether the security is valid in its inception. In Davis v. Bechstein, 69 N. Y. 442, 25 Am. Rep. 219, it is said that it is only where the owner by his own affirma-

tive act has conferred the apparent title and absolute ownership upon another, upon the faith of which the chose in action has been purchased for value, that he is precluded from asserting his real title; and this conclusion was arrived at by the application of the doctrine of estoppel. In Decker v. Boice, 83 N. Y. 219, it is stated that "the general rule that the purchaser of a chose in action must abide by the title of the person from whom he buys, and takes subject to the equities of the debtor, and also the latent equities of third persons, applies in general to the assignee of a mortgage." The defendants Helen Graham and others have, therefore, the right to set up their equities as a defense in this action, unless an estoppel in some way operates to preclude them from so doing; but the facts upon which such an estoppel could be based do not exist. Church, the mortgagor, never had a valid legal title, never was in possession, and the trustee never relinquished possession. Here the fraudulent grantee merely took a deed of the premises from the trustee, then made and executed a mortgage upon it, both instruments being without consideration; and there never was any change of possession of the premises. In Seymour v. McKinstry, 106 N. Y. 238, 12 N. E. 348, 14 N. E. 94, Simpson v. Del Hoyo is commented upon, and great significance is attached to the fact that in that case the party giving the mortgage was clothed not only with the record title of the land mortgaged, but was in possession of it under that title. In the case at bar possession was in the trustee, and never changed.

The power of sale given to the trustee in the codicil to Stacy Pitcher's will required, upon a sale being made, that the trustees should receive a valuable consideration. The power might be exercised in their discretion, with the consent of a certain party; but the requirement is imperative "upon such sale or sales to invest and keep invested the proceeds thereof upon good and adequate security, and to hold the same for and upon the trusts hereinbefore provided." A conveyance without a valuable consideration was unauthorized. Of course, if Church had paid a valuable consideration for the conveyance to him, he would not have been required to look to the application of the purchase money. It is so provided by statute. But it may well be argued that, the conveyance to him being in contravention of the trust, that conveyance was absolutely void. It was in contravention of the trust, because by it a disposal for a nominal or no consideration was made of real estate included in a trust, which real estate could not be, according to the terms of the trust, sold or conveyed by the trustee without a valuable consideration therefor, which, as proceeds of a sale, would be returned to the trust, and held as part of its capital, in place of the realty conveyed. Without pursuing that subject further, we are led to the conclusion, under the facts as they are established by this record, that the rule which relieves a purchaser for value from a mortgagee from inquiring beyond the recorded legal title of a mortgagor does not apply in this case. The facts upon which an estoppel might be based are not present. There was no authority given to the trustee by the will to confer an apparent title upon any one, except upon an actual sale for value. We are of the opinion, therefore, that the general principle applies here that a pur-

chaser of a chose in action takes subject to all equities. The courts, in their laudable desire to protect purchasers for value of nonnegotiable choses in action, have gone so far that the liberality of the rules they have laid down has stimulated the concoction of just such devices as were resorted to in this case to deplete trust estates. If the creator of a trust has given the trustee such authority over it as to confer an apparent right to convey it,—as under a general power of sale,—then third parties dealing with the grantee of that property, or with incumbrances put upon it by him, are entitled to rely upon the apparent ownership conferred by the trustee; but where the trustee is without power to confer that apparent ownership the reason of the rule under which a purchaser receives protection fails.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.