Rose Liebowitz, Respondent, *v.* Arrow Roofing Co., Inc., et al., Respondents, and Dillon-Parker Corporation, Appellant, Impleaded with Others.

(Argued June 20, 1932; decided July 19, 1932.)

*Maurice B. Blumenthal* and *Max Corin* for appellant. The trial court erred in excluding evidence as to the consideration for the mortgage, since, if there was no consideration, the mortgage would have no inception until its assignment from the mortgagee to plaintiff, ten days after the perfection of defendant-appellant's equities. (*Schafer* v. *Reilly,* 50 N. Y. 61; *Weiss* v. *Schildkraut,* 116 Misc. Rep. 285.) The plaintiff took the mortgage subject to these equities in defendant-appellant, and is in no way aided by the recording acts. (*Stevenson Brewing Co.* v. *Iba,* 155 N. Y. 224; *Briggs* v. *Langford,* 107 N. Y. 680; *Jermyn* v. *Searing,* 170 App. Div. 707; *Central Trust Co.* v. *West India Co.,* 169 N. Y. 314; *Schafer* v. *Reilly,* 50 N. Y. 61.)

*Michael H. Grae* and *Louis Baron* for plaintiff-respondent. The plaintiff is a *bona fide* purchaser for value of the mortgage. (*McCarthy* v. *Stanley,* 151 App. Div. 358; *Morris* v. *Tutthill,* 72 N. Y. 575; *Dinkelspiel* v. *Franklin,* 7 Hun, 339.) The alleged equities of the defendant-appellant in the mortgage were extinguished by the assignment to the plaintiff, a purchaser in good faith and for

value, notwithstanding the applicability of section 278 of the Debtor and Creditor Law. (*Kommel* v. *Herb-Gner Const. Co.*, 256 N. Y. 333; *Spicer* v. *First Nat. Bank*, 55 App. Div. 172; *Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Wallach* v. *Schulze*, 22 App. Div. 57.)

HUBBS, J. The defendants Roth and Weber were engaged in the roofing business as copartners under the name Arrow Roofing Company. Between December 1, 1928, and May 28, 1929, they became indebted to the appellant, Dillon-Parker Corporation.

The Dillon-Parker Corporation commenced two separate actions on account of such indebtedness, which actions resulted in judgments totaling $3,947.63, entered and docketed against the partners on April 15, 1930. By deed dated January 2, 1929, and recorded January 14, 1930, the defendants Roth and Weber conveyed to the defendant Arrow Roofing Company, Inc., the real property which is the subject of this action. The record does not disclose when the deed was acknowledged.

Arrow Roofing Company, Inc., was incorporated in 1927, and the defendants Roth and Weber were its sole stockholders. It does not appear that the corporation did any business before it took title to the real property in question. Subsequent thereto and at least as late as May, 1929, when they gave a note to the appellant, Dillon-Parker Corporation, the defendants Roth and Weber were doing business under the partnership name.

On the date of recording of the deed there was also recorded a bond and mortgage dated December 30, 1929, given by Arrow Roofing Company, Inc., to Arthur Buxenbaum as security for the sum of $5,000, which mortgage covered the premises so conveyed by the defendants Roth and Weber to Arrow Roofing Company, Inc. Buxenbaum transferred that mortgage to the plaintiff, the assignment being recorded on May 5, 1930. The plaintiff immediately entered into possession of the premises and two days thereafter instituted this

action to foreclose the mortgage, the cause of action being based upon a default which occurred prior to the assignment to plaintiff. The appellant, Dillon-Parker Corporation, was made a party defendant. It answered, setting up as a counterclaim that the property in question was originally owned by Roth and Weber, copartners, trading under the firm name of Arrow Roofing Company, against whom it had claims reduced to judgment April 15, 1930; that the transfer of all the assets of the copartnership, including the property in question, was fraudulent as to partnership creditors under sections 276 and 277 of the Debtor and Creditor Law (Cons. Laws, chap. 12); that the mortgage in question had no inception until its assignment on April 25, 1930, and that the plaintiff took the mortgage subject to the latent equities of appellant's judgments. It demanded judgment that the deed, bond and mortgage and assignment thereof to plaintiff be declared fraudulent and void; that the bond and mortgage be canceled and discharged of record; that the title to the premises be adjudged to be in Roth and Weber, subject to the rights of valid incumbrances and of the appellant, Dillon-Parker Corporation, as a judgment creditor.

At the trial the court ruled that lack of consideration for the mortgage was immaterial and refused to permit the appellant, Dillon-Parker Corporation, to offer testimony upon that question. It also refused to receive evidence as to the consideration paid by the corporation for the deed to the property. When the real property was transferred to the corporation, it included office fixtures and other equipment of the partnership so that nothing was left to the partnership.

That the transfer of the real property to the corporation and the execution and delivery of the mortgage to Buxenbaum was in pursuance of a fraudulent scheme to defeat the rights of creditors of Roth and Weber is indicated by the record. It appears from the testimony

of plaintiff's husband, who procured the assignment of the mortgage to plaintiff and paid the consideration therefor, that plaintiff, when she took the assignment, had knowledge of the fact that the defendants Roth and Weber were in financial difficulties. Under such circumstances, to refuse to permit the appellant to examine as to consideration for the deed to the corporation and for the mortgage sought to be foreclosed was clearly error.

A conveyance made with actual intent to defraud either present or future creditors is fraudulent as to both, and a conveyance of partnership property where the partnership will be thereby rendered insolvent, is fraudulent as to partnership creditors, if without fair consideration, though made to a person not a partner. (Debtor and Creditor Law, §§ 276, 277.)

A creditor may have a fraudulent conveyance set aside " as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser." (Id. § 278.)

It is well established that an assignee of a mortgage takes subject to the equities existing between the original parties and the defense of want of consideration for the mortgage is available against an assignee, although he is a *bona fide* purchaser. (*Schafer* v. *Reilly,* 50 N. Y. 61; *Stevenson Brewing Co.* v. *Iba,* 155 N. Y. 224; *Greene* v. *Warnick,* 64 N. Y. 220; *Briggs* v. *Langford,* 107 N. Y. 680; *Kommel* v. *Herb-Gner Construction Co., Inc.,* 256 N. Y. 333.)

Fom a legal point of view, a mortgage has its inception from the time of its delivery for a legal consideration. (*Schafer* v. *Reilly, supra; Verity* v. *Sternberger,* 62 App. Div. 112; affd., 172 N. Y. 633; *Kommel* v. *Herb-Gner Construction Co., Inc., supra.*)

Since plaintiff was not, within the terms of the statute,

a purchaser of the property conveyed and her interest in the mortgage was acquired subsequent to the entry of the judgments, she took subject to the equities then existing in favor of appellant.

Having made appellant a party in this action, equitable in nature, plaintiff cannot be heard to say that appellant's equitable interest may not be adjudicated.

Since the appellant was not permitted to offer testimony as to the consideration for the deed or mortgage, or to show the actual facts and circumstances surrounding the transactions, the judgment must be reversed.

The judgments should be reversed and a new trial granted, with costs to appellant in all courts to abide the event.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgments reversed, etc.